493 P.2d 117

The CITY OF TUCSON, a municipal corporation, Appellant,

v.

Robert J. LANDRY et al., Appellees.

No. 10589-PR.

Supreme Court of Arizona, In Banc.

Feb. 3, 1972.

Lewis C. Murphy, former Tucson City Atty., Herbert E. Williams, Tucson City Atty. by William E. Hildebrandt, Tucson, for appellant.

Messing, Hirsh & Franklin by Robert J. Hirsh, Tucson, for appellees.

HAYS, Chief Justice.

This case is before us on a petition for review of a decision of the Court of Appeals, 15 Ariz.App. 81, 486 P.2d 193, which affirmed an order of the superior court refusing to vacate an injunction previously issued against the City of Tucson. Opinion of the Court of Appeals vacated and case remanded with instructions.

Tucson has an ordinance prohibiting dancers and waitresses from appearing with bare breasts unless their nipples are covered by small opaque patches called "pasties."

In 1969 the City arrested a dancer named Nancy Soden and prosecuted her before City Magistrate Edward W. Scruggs. He held that the ordinance was unconstitutional. The City took the case to superior court by certiorari, where the writ was denied on the ground that the case should

have come to that court by appeal. Since the time for appeal had already passed, the Scruggs decision became final and the only way the City could get a decision from a higher court was to make a new arrest. When the City finally got around to that procedure, ten months had passed since the Scruggs decision, and instead of making a single arrest, the City arrested at least five persons, and announced through the news media that arrests would continue until compliance with the ordinance was effected.

The result of this action was that instead of one defendant pleading the unconstitutionality of the ordinance, followed by a decision which would be appealable, the defendants made common cause and started an action against the City and its agents, asking that enforcement of the ordinance be enjoined.

Enjoining the executive branch of the government, by the judicial branch, is frowned upon in most states, and in Arizona it is prohibited by A.R.S. § 12–1802 which provides:

"An injunction shall not be granted . . . to prevent enforcement of a public . . . [ordinance] by officers of the law for the public benefit."

■ This court, however, has held that the above statute does not apply where the ordinance is unconstitutional and a failure to enjoin its enforcement pending the determination of its constitutionality would cause irreparable injury. Board of Regents of Universities and State College v. City of Tempe, 88 Ariz. 299, 356 P.2d 399. The complaint for injunction in the instant case alleged that irreparable injury would result, and alleged the ordinance's unconstitutionality in a rather roundabout way. Instead of unequivocally saying that the ordinance was unconstitutional, it was alleged that Scruggs had so held, and it attached the Scruggs decision to the complaint. Roundabout though it be, we hold that the allegation was sufficient to raise the issue.

·A hearing was held before the City filed its answer, and the superior court granted a temporary injunction against any acts that would interfere with the plaintiffs' businesses. A few days later the City filed an answer denying generally "each and every allegation" of the complaint, but admitting that it intended to continue with its arrests. With the answer, it filed a motion to dissolve the temporary injunction previously granted. When this motion was denied, the City filed a petition for special action with the Court of Appeals, and that was denied. The City then appealed from the superior court's order refusing to dissolve the temporary injunction. The Court of Appeals affirmed on the ground that both the appeal and the special action were premature, but left open the City's right to try the constitutionality of the ordinance on its merits. However, it affirmed without remand, which makes it impossible for the City to make a new arrest and bring the matter properly before the court, since it has been enjoined from doing so.

There is but one issue that the City wants to have resolved; i. e., the constitutionality of the ordinance. Likewise, it is the only defense to the criminal charges pending. The difficulty is due to the fact that there was no trial on the merits in the superior court and, therefore, there can be no decision on the merits on appeal.

The matter of whether a city can prohibit various degrees of nakedness in public places is one which is governed by the United States Supreme Court's interpretations of the First Amendment to the United States Constitution. These interpretations are complicated, numerous, and still evolving. Any attempt to decide the issue should certainly await full and complete research and briefing by counsel for both sides.

■ In short, since the issue of constitutionality was raised by the City at the hearing on the motion to dissolve, the City should have been given its day in court on the merits of the case.

If the ordinance is constitutional, plaintiffs will have to put up with any irreparable injury that occurs; if the law is unconstitutional, plaintiffs cannot be punished for violating it, regardless of whether there is irreparable injury. Therefore, the con-

stitutional issue should be litigated without the extraneous question of whether there will be irreparable injury.

We remand this case to the superior court with instructions to modify the injunction to permit the prosecution of the persons already arrested. At said trial, the issue of the constitutionality of the ordinance may be raised, briefed, decided, and appealed if the parties so desire. If the ordinance is held to be constitutional, the injunction, as modified, should be dissolved.

) For the guidance of the trial court, we hold at this time that the decision of Magistrate Scruggs in 1969 is neither an adjudication nor a precedent of any binding effect in the superior court. We also hold that the fact that the City failed to enforce the ordinance for several months does not estop it from enforcing the law at some future time, on the theory that its actions have "lulled the plaintiffs into a false sense of security."

Reversed and remanded to the superior court with instructions to proceed as indicated in this opinion.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.