551 P.2d 595

Gloria M. FOLK, Harold R. Adams and Donald R. Kunz, Appellants,

v.

CITY OF PHOENIX, a Municipal Corporation, Appellee.

No. 1 CA–CIV 2849.

Court of Appeals of Arizona, Division 1, Department A.

June 24, 1976.

Kunz & Stinson, Ltd., by Donald R. Kunz, Phoenix, for appellants.

Burke & Holroyd by Patrick E. Burke, Sp. Asst. City Atty., Phoenix, for appellee.

## OPINION

OGG, Acting Presiding Judge.

The sole issue presented in this appeal is whether the trial court was legally correct in dismissing the three counts of plaintiffs' complaint.

The plaintiff/appellants filed an action seeking a declaratory judgment as to the rights of the defendant/appellee City of Phoenix to construct a series of roadways through an area in Maricopa County, commonly known as Dreamy Draw. The appellants also seek a declaration of their rights as to certain claimed prescriptive easements over the subject property.

The City filed a Rule 12(b)(6), Rules of Civil Procedure, 16 ARS, motion to dismiss plaintiffs' complaint. The motion was directed to the merits of the complaint and contended that the complaint failed to state a claim in any particular, whether brought by individual plaintiffs or as a class action. Both parties agree that we are not concerned with a Rule 23(c), Rules of Civil Procedure, 16 ARS, problem as to whether a class action can be properly maintained.

The court granted the City's motion to dismiss the plaintiffs' complaint and the plaintiffs now appeal.

Three questions are presented for review:

1. Did the superior court have jurisdiction of the subject matter of Counts I and III of appellants' complaint;

2. Did Counts I, II and III of said complaint, or any of them, state a claim upon which relief could be granted; and,

3. Did the appellants have "standing" to sue?

To properly consider the merits of the questions presented in this appeal we must first study in detail the three counts of the plaintiffs' complaint.

## COUNT I

The plaintiff in Count I is Gloria M. Folk, who brings the action on behalf of herself and others similarly situated. The plaintiff alleges that the City of Phoenix, pursuant to certain ordinances, determined to build a new roadway system within the corporate limits of the City. The roadway system is to commence at a point approximately at 18th Street and Glendale Avenue on the south and terminate at a point approximately at 32nd Street and Shea Boulevard on the north. The roadway will extend through the Dreamy Draw area which is the area in dispute. The plaintiff alleges that the area in dispute is a part of the Phoenix Mountains Wilderness Preserve under a City of Phoenix Resolution adopted January 11, 1972, and that the City cannot now, by enacting an ordinance, authorize the construction of a new roadway system through the area. Plaintiff requested the trial court for a declaratory judgment and a permanent injunction to stop the City from proceeding with the construction of the roadway.

## COUNT II

The plaintiff in Count II is Harold R. Adams, who brings the action on behalf of himself and all other persons similarly situated. Plaintiff claims that he and the other persons on behalf of whom he sues all have multiple prescriptive easements for outdoor recreational purposes over the disputed lands. Plaintiff alleges that the building of the proposed road systems will interfere with the use of these easements and prevent ingress and egress into certain other lands within the Phoenix Mountains Preserve that are owned by the United State of America.

Plaintiff further claims the City has condemned certain lands within this area but has failed to acknowledge his prescriptive rights. He asks the court for a declaratory judgment of his rights and for a decree quieting title to his prescriptive rights.

## COUNT III

The plaintiff Donald R. Kunz brings this action as a resident citizen and taxpayer

on behalf of himself and all others similarly situated. Plaintiff alleges that the Mayor and City Council were misled by the City's professional staff into placing the new proposed road system through the Dreamy Draw area. Plaintiff claims the best route and most economical method to solve the traffic congestion problem in that area would have been for the City to widen 16th Street and Northern Avenue. Plaintiff also alleges that the City officials in reliance upon the bad advice of the City engineers and professional staff will be making excessive illegal expenditures of public funds and that such expenditures in the construction of the proposed new road system would amount to the taking of property without the due process of law. The plaintiff asks the trial court to void the City's legislative enactment authorizing the construction of the new roadway system and to restrain the City from any further action relative to the construction of such roadways through the Dreamy Draw area.

 In reviewing the motion for dismissal of the three counts in the complaint we must be guided by the well-settled law that a litigant, in making such a motion, must admit the truth of all the well-pleaded facts alleged in the complaint. A court should not grant a motion to dismiss for the reason that the complaint fails to state a cause of action unless it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claim stated. Rule 12 (b)(6), Rules of Civil Procedure, 16 ARS; *Roberts v. Spray*, 71 Ariz. 60, 223 P.2d 808 (1950); *Williams v. Williams*, 23 Ariz. App. 191, 531 P.2d 924 (1975); *Sierra Madre Development, Inc. v. Via Estrada Townhouses Association*, 20 Ariz.App. 550, 514 P.2d 503 (1973).

Applying the principles of law just discussed, we will now consider the three questions raised in this appeal.

## DID THE COURT HAVE JURISDICTION OF THE SUBJECT MATTER OF COUNTS I AND III OF APPELLANTS' COMPLAINT?

In both Counts I and III the plaintiffs allege that the City's acts were "unconstitutional, unlawful, unreasoable, arbitrary, ultra vires, discriminatory and in bad faith."

The City contends that the court lacked jurisdiction to interfere with the legislative acts of the City.

 It is our opinion that the trial court has jurisdiction to hear such a matter. The appellate courts of this state have repeatedly exercised such jurisdiction to review alleged illegal or unconstitutional acts of municipal corporations. *City of Phoenix v. Superior Court*, 109 Ariz. 533, 514 P.2d 454 (1973); *City of Tucson v. Landry*, 108 Ariz. 106, 493 P.2d 117 (1972); *Schrey v. Allison Steel Manufacturing Co.*, 75 Ariz. 282, 255 P.2d 604 (1953).

## DID THE APPELLANTS HAVE STANDING TO SUE?

 It is our opinion that the appellants in Count I and Count III did have standing to bring the action. These appellants allege that they are resident taxpayers of the City. A resident taxpayer may seek judicial relief to prevent the unlawful expenditure of tax money. See *Sulpher Springs Valley Electric Cooperative, Inc. v. City of Tombstone*, 99 Ariz. 110, 407 P.2d 76 (1965); *Ratner v. City of Richmond*, 136 Ind.App. 578, 201 N.E.2d 49 (1964); *City of Americus v. Perry*, 114 Ga. 871, 40 S.E. 1004 (1902).

The appellant in Count II alleges that he has a prescriptive easement for recreational purposes in the area where the City plans to construct the roadway system. He further alleges that the City disputes his claim to any prescriptive rights.

This question of his standing to bring Count II is interwoven with the question as to whether he has stated a claim upon which relief can be granted. We there-

fore reserve further discussion of his standing until later in this opinion.

## DID COUNTS I, II AND III IN THE COMPLAINT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

Counts I and III logically should be considered together since they both involve a taxpayer who is alleging the acts of the City are illegal and unconstitutional. Although we believe that the court had jurisdiction to decide these questions and that the appellants had standing to present these questions, we do not believe the appellants state a claim in either Counts I or III upon which relief can be granted.

We affirm the action of the trial court in the dismissal of Count I and Count III of the complaint.

■ Stripped of all legal conclusions, the appellant in Count I alleges simply that the City lacks authority to pass an ordinance authorizing the construction of the proposed road system through an area that had been earlier designated a park or wilderness area by a resolution of the City. It is conceded that the City has authority to construct public roadway systems. Section 12–1111 (6), ARS; *Mosher v. City of Phoenix*, 39 Ariz. 470, 7 P.2d 622 (1932).

■ It is also clear that the City may establish and maintain parks as authorized in § 11–932(A), ARS. It should be noted that the right of the City to acquire property by proceedings in eminent domain is also preserved in Paragraph B of this public park statute, which reads:

This section shall not affect the right of a county or municipality to acquire property by proceedings in eminent domain.

The appellants have not directed us to any pertinent cases nor have we found any cases that purport to prohibit a municipality from establishing roads through city owned recreational areas. It is our opinion that the City has the authority to provide an adequate public roadway system for the use and benefit of the City's inhabitants.

■ For the purposes of testing a motion to dismiss for failure to state a claim, the well-pleaded material allegations of the complaint are taken as admitted, but conclusions of law or unwarranted deductions of fact are not admitted. *Verde Water & Power Co. v. Salt River Valley Water Users' Association*, 22 Ariz. 305, 197 P. 227 (1921); 2A J. Moore, *Federal Practice*, ¶ 12.08 (2d ed. 1975).

■ Once we set aside the conclusions of law and the unwarranted deductions of fact in Count I of plaintiffs' complaint, we find nothing remains upon which the court could grant relief.

■ Count III, stripped of all legal conclusions, claims that the City could have found a better and more economical route for the proposed roadway system. Again, it is clear that the City has authority to pass an ordinance creating such a road system. Questions as to the wisdom of a legislative act, as to its expediency or concerning the soundness of the policy outlined therein, must be left to the legislative branch of the government and such matters are not the proper realm of the courts. *American Federation of Labor v. American Sash & Door Co.*, 67 Ariz. 20, 189 P.2d 912 (1948); *Clark v. Boyce*, 20 Ariz. 544, 185 P. 136 (1919); *State ex rel. Davis v. Osborne*, 14 Ariz. 185, 125 P. 884 (1912).

In the case of *Roberts v. Spray*, 71 Ariz. 60, 69, 223 P.2d 808, 813 (1950), the Arizona Supreme Court upheld the dismissal of a complaint for the failure to state a claim upon which relief could be granted. In that case the plaintiffs filed an action on behalf of themselves and all others similarly situated against the Board of Supervisors of Pinal County, seeking to have the Hospital District Act of 1949, as implemented in Pinal County, declared invalid and unconstitutional. The Supreme Court upheld the dismissal of the case by the trial court and found as a matter of law that the legislative act was valid and consti-

tutional. In upholding such dismissal by the trial court the Supreme Court stated:

> It is a cardinal rule of statutory construction that every intendment is in favor of the constitutionality of legislation . . .

See *State Tax Commission v. Shattuck,* 44 Ariz. 379, 38 P.2d 631 (1934).

█ It is our opinion that once we set aside the legal conclusions and unwarranted deductions of fact in Count III, there is nothing remaining upon which the court can grant relief.

We next turn our attention to Count II of the complaint which presents an entirely different problem. In this count the appellant claims that he has definite prescriptive rights which the City fails to recognize. He asks the court for a declaratory judgment of his rights and for a decree quieting title to his prescriptive rights.

█ The trial court clearly had jurisdiction to hear and determine the disputed prescriptive rights in the real property. Article 6, Section 14 of the Arizona State Constitution grants original jurisdiction to the superior court in cases involving the title to land.

After we delete all legal conclusions from Count II we still have well-pleaded facts which we must (for the purposes of testing the motion to dismiss) accept as true. If the appellant does have certain prescriptive rights under the mandatory truth assumption then he has standing and is entitled to have his case heard on the merits and not dismissed for a failure to state a cause of action.

The City alleges that the claims of the appellant are not specifically set forth and that he should be required to set forth the exact nature of his prescriptive rights as pertaining to particular parcels of land.

We agree that Count II could be pleaded with greater clarity but it appears that this deficiency could be cleared by a motion for a more definite statement under Rule 12(e), Rules of Civil Procedure, 16 ARS, rather than by a dismissal of the count. In the case of *In Re Cassidy's Estate,* 77 Ariz. 288, 297, 270 P.2d 1079, 1085 (1954), our Supreme Court, in discussing this problem, stated:

> The motion [to dismiss] will be denied if an amendment or motion for a more definite statement will cure the defective pleading . . .

█ We are a notice pleading state and with our liberal rules of discovery and the provisions of Rule 12(e), a dismissal was not the proper remedy in this fact situation.

█ Such motions to dismiss are not favored and the courts of this state have followed the general rule that "[A] complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A *J. Moore, Federal Practice* ¶ 12.08 at 2271, 2274 (2d ed. 1975); *Roberts v. Spray, supra; De Loach v. Crowley's, Inc.,* 128 F.2d 378 (5th Cir. 1942).

█ From our study of Count II we cannot say to a certainty that plaintiff would never be entitled to any form of relief under any state of facts which could be proved to support his claim. We therefore reverse that portion of the judgment wherein the trial court dismissed Count II of appellant's complaint.

By reversing the dismissal of Count II it is not our intention to express any opinion as to the actual merits of Count II.

For the reasons stated herein we affirm the dismissal of Counts I and III and reverse the dismissal of Count II.

HAIRE, Chief Judge, Division 1, and NELSON, J., concur.