783 P.2d 1207

Ussama ALDABBAGH,
Plaintiff/Appellant,

v.

ARIZONA DEPARTMENT OF LIQUOR LICENSES AND CONTROL; Philip J. MacDonnell, Superintendent; Arizona State Liquor Board; Ray Johnson, Chairman; Darryl Dobras, Vice Chairman; Manuel Amado, Member; Leo Recker, Member; Ann Abbey, Member; Kay McKay, Member; Mary Beth Zanes, Member, Defendants/Appellees.

No. 2 CA–CV 89–0106.

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 27, 1989.

As Corrected Dec. 14, 1989.

**416**

Allen, Kimerer & LaVelle by Sarah McGiffert and Merrick Firestone, Phoenix, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by R. Elizabeth Teply, Phoenix, for defendants/appellees.

ROLL, Presiding Judge.

Ussama Aldabbagh appeals from the trial court's dismissal of his civil complaint for damages and injunctive relief against defendants Arizona Department of Liquor Licenses and Control (the Department), Department Superintendent Philip J. MacDonnell, Arizona State Liquor Board (the Board), and Board members. Aldabbagh's complaint alleges that actions of these defendants violated his constitutional and civil rights and that they engaged in other tortious conduct injurious to his business. For the reasons set forth below, we affirm in part and vacate and remand in part.

## BACKGROUND

The complaint states that all facts set forth in the complaint are pertinent to each claim.[1] Ussama Aldabbagh owned three Phoenix area establishments serving alcoholic beverages and providing exotic dancer entertainment. Various law enforcement officials conducted raids on Aldabbagh's bars and arrested some employees. The police officers told one employee that they knew Aldabbagh was involved with illegal firearms, drugs, and prostitution. The police attempted to persuade the employee to provide them with information about Aldabbagh's business dealings.

Aldabbagh's limousine driver was stopped by police, fingerprinted, and told, "you people are involved in organized crime." Another employee was told she would not be jailed for selling drugs if she would inform on Aldabbagh. One employee, following a drug-related arrest, was

---

1. The facts we recite here are those alleged by Aldabbagh. The defendants deny Aldabbagh's version of the facts. For purposes of reviewing the dismissal of a complaint, we must accept as true Aldabbagh's allegations of fact. *Folk v. City of Phoenix*, 27 Ariz.App. 146, 150, 551 P.2d 595, 599 (1976).

"forced" to carry a tape recorder and was instructed to obtain incriminating statements from Aldabbagh that would result in the loss of his liquor license. Department investigators told a former employee that if he would help the Department, the Department would help him "get" Aldabbagh. Several other employees were arrested for various crimes and were subsequently questioned about Aldabbagh's activities.

Maricopa County Sheriff's deputies have checked dancers at Aldabbagh's businesses for compliance with dress requirements. At times, police officers parked in front of one of Aldabbagh's bars and entered the bar at least four times per week for an unspecified length of time.

The complaint also alleges that the defendants placed a "racially derogatory sign" in the Department's elevator and on two occasions mailed "racially derogatory and threatening mail" to Aldabbagh. Mac-Donnell allegedly made defamatory statements about Aldabbagh to the press. The complaint concludes that the defendants' actions were motivated by invidious prejudice against Aldabbagh because of his race and national origin. The complaint, however, fails to specify Aldabbagh's race or national origin.

The complaint states that the defendants conspired with unnamed defendants to put Aldabbagh out of business, through harassment of Aldabbagh and his employees. The incidents of harassment include the previously-mentioned police activities, the sign in the elevator, the mail, and the statement to the press.

Three persons who had unfavorable business dealings with Aldabbagh supplied information to the Department. These persons claimed that Aldabbagh was involved in the sale of illegal drugs and prostitution. The complaint alleges the Department harassed Aldabbagh to substantiate these claims, which eventually resulted in the revocation of Aldabbagh's liquor licenses.

2. Rule 12(b)(6), Ariz.R.Civ.P., 16 A.R.S.

## PROCEDURAL HISTORY

On February 6, 1987, Aldabbagh filed this civil action. Defendants moved to dismiss for failure to state a claim.[2] Aldabbagh filed an amended complaint. On April 15, 1988, the trial court granted defendants' Rule 12(b)(6) motion to dismiss, stating:

1. Plaintiff is collaterally estopped from bringing this action for damages and injunctive relief by virtue of this court's previous findings and rulings.

2. Defendants are not persons which [sic] can be sued pursuant to 42 U.S.C. § 1983.

3. Defendant MacDonnell is immune from suit by virtue of A.R.S. § 12–820.

Aldabbagh now appeals from the trial court's dismissal of his amended complaint.

## ISSUES ON APPEAL

On appeal, Aldabbagh argues that (1) the amended complaint is not barred by collateral estoppel, (2) the Superintendent and Board members are not immune from suit in state court under 42 U.S.C. § 1983; (3) the Superintendent's and Board members' alleged conduct falls outside the immunity provided for by Arizona statutes, (4) Aldabbagh's claims against the Superintendent for defamation fall outside the immunity provided for by Arizona law, and (5) Aldabbagh is entitled to injunctive relief. Defendants argue that the doctrine of collateral estoppel, arising from the disposition of Aldabbagh's appeal of the Board's revocation of his liquor licenses,[3] precludes Aldabbagh from raising the issues presented in the matter before us.

## STANDARD OF REVIEW

When testing a motion to dismiss for failure to state a claim, well-pleaded material allegations of the complaint are taken as admitted, but conclusions of law or unwarranted deductions of fact are not. *Folk v. City of Phoenix*, 27 Ariz.App. 146, 150, 551 P.2d 595, 599 (1976); Rule 12(b), Ariz.R.Civ.P., 16 A.R.S. The court must

3. *Aldabbagh v. Arizona Department of Liquor Licenses and Control*, 2 CA–CV 89–0097 (Memorandum Decision, filed Oct. 3, 1989).

determine whether the complaint, construed in the light most favorable to the plaintiff, sufficiently sets forth a valid claim. *Anson v. American Motors Corp.*, 155 Ariz. 420, 421, 747 P.2d 581, 582 (App. 1987). Questions of law decided by the trial court are reviewed *de novo.* *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 114, 412 P.2d 47, 51 (1966).

### Collateral Estoppel

The trial court held that Aldabbagh was collaterally estopped from bringing the present action for damages and injunctive relief because of the court's previous findings and rulings. We disagree.

■ Collateral estoppel is a doctrine of issue preclusion which prevents a party from relitigating an issue identical to that previously litigated to conclusion on the merits. *Gilbert v. Board of Medical Examiners*, 155 Ariz. 169, 174, 745 P.2d 617, 622 (App.1987). In *Gilbert*, Division One of this court stated:

> The elements necessary to invoke collateral estoppel are: the issue is actually litigated in the previous proceeding, there is a full and fair opportunity to litigate the issue, resolution of such issue is essential to the decision, there is a valid and final decision on the merits, and there is a common identity of the parties.

*Id., citing Chaney Bldg. Co. v. Tucson*, 148 Ariz. 571, 716 P.2d 28 (1986).

■ The trial judge considered the pleadings and arguments of counsel. The parties' written motions contained extensive references to the superior court's review of the Liquor Board's administrative decision. Aldabbagh, in his response to the motion to dismiss, included documents from the other proceeding as exhibits. These documents consisted of his motion to reconsider, the

Liquor Board's response to the motion to reconsider, and his reply to their response.[4]

The record does not show that the trial judge considered the transcript and record of the revocation proceeding. Had the judge done so, defendants' motion to dismiss necessarily would have been treated as a motion for summary judgment. Rule 12(b), Ariz.R.Civ.P., 16 A.R.S.; *Allison v. State*, 101 Ariz. 418, 421, 420 P.2d 289, 292 (1966). Without an examination of the record, however, the trial court could not have determined whether all the elements existed to invoke collateral estoppel. The court could not have determined whether the issue was actually litigated, whether there was a full and fair opportunity to litigate the issue, and whether resolution of the issue was essential to the previous decision. *See Kauffman v. Moss*, 420 F.2d 1270 (3rd Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). The court therefore erred in dismissing the complaint on the ground of collateral estoppel.

In reviewing the complaint, however, we find that Aldabbagh has failed to state a claim on which relief can be granted as to Claims 1, 2, 4, 7, 8, 9, 11, and part of 10. Claims 3, 5, 6, and part of 10 state a claim.

### Civil Rights Claims

1. *Section 1983 Claim*

■ Claim 10 alleges that the deliberate actions of the named defendants violated § 42 U.S.C. § 1983.[5] The trial court ruled that the defendants are not persons within the meaning of 42 U.S.C. § 1983. We agree.

Aldabbagh's complaint lists as defendants the Department of Liquor Licenses and Control, Department Superintendent MacDonnell, the Arizona State Liquor

---

**4.** Memoranda of points and authorities, briefs, and oral arguments are not considered matters outside the pleadings. C. Wright and A. Miller, *Federal Practice and Procedure* § 1366 (1969). *See Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir.1982).

**5.** Section 1983 states in part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Board, and the Board members. Claim 10 seeks compensatory damages. The complaint states that the Department and Board are agencies of the state and that the individuals named are state officials.

In *Will v. Michigan Dept. of State Police,* — U.S. —, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 58 (1989), the Supreme Court held that in a state court action for damages, states and state officials acting within their official capacities are not "persons" within the meaning of § 1983. *Will,* however, does not bar an action against the state or state officials for injunctive relief. Claim 10 may proceed as to injunctive relief only.

## 2. *Section 1981 Claim*

■ Claim 8 alleges that Aldabbagh was damaged by the defendants' deliberate conduct, which conduct was motivated by animosity toward Aldabbagh's race and national origin, in violation of 42 U.S.C. § 1981.[6] Section 1981 guarantees the full and equal benefit of all laws and proceedings for the security of property regardless of a person's race. While Aldabbagh contends race is the motivating factor, the complaint fails to describe his race. Because Aldabbagh's complaint does not indicate that he is a member of the race against which the complained-of conduct was directed, his § 1981 claim fails to state a cause of action.

**6.** Section 1981 states:
  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**7.** Section 1982 states:
  All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

**8.** Section 1985(3) states in part:
  If two or more persons in any State or Territory conspire ... for the purpose of de-

## 3. *Section 1982 Claim*

■ Claim 9 alleges that Aldabbagh was denied his right to hold and convey real and personal property because of his national origin, in violation of 42 U.S.C. § 1982.[7] A § 1982 claim must be based upon race and not merely national origin, *Patel v. Holley House Motels,* 483 F.Supp. 374 (S.D.Ala. 1979). Therefore, Aldabbagh has failed to state a claim under § 1982.

## 4. *Section 1985 Claim*

Claim 11 of the complaint alleges that the defendants' actions violate 42 U.S.C. § 1985[8] in that the defendants conspired for the purpose of depriving Aldabbagh of the equal protection of laws, due process of laws, and equal privileges and immunities.

■ In order to have a conspiracy to interfere with a person's civil rights by denying him equal protection of the laws, the complaint must allege invidiously discriminatory class-based animus and must allege facts showing this invidiousness. *A & A Concrete, Inc. v. White Mountain Apache Tribe,* 676 F.2d 1330, 1333 (9th Cir.1982).

■ The police conduct allegedly involves employees being arrested for various activities and questioned about Aldabbagh's involvement in illegal drugs, firearms, and prostitution. These acts do not support nor even allege invidiously discriminatory class-based animus.

priving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The persons who provided information to the Department were dissatisfied business associates who alleged Aldabbagh was involved in illegal drugs and prostitution. These facts do not allege nor do they support any inference of invidiously discriminatory class-based animus. Even assuming these allegations are accurate, the police departments and the Liquor Department would have been pursuing lawful objectives by investigating allegations that Aldabbagh was involved in illegal drugs, firearms, and prostitution.

Paragraph 20 of the complaint asserts that the defendants and unnamed agencies conspired to deprive Aldabbagh of the equal protection of the laws, that one or more of the conspirators did or caused to be done an act in furtherance of the conspiracy, that the defendants were motivated by a racial- or national origin-based invidiously discriminatory animus, and that Aldabbagh was injured. In *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court stated that a complaint comes within § 1985(3) when the complaint alleges:

[T]hat the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

403 U.S. at 102–03, 91 S.Ct. at 1798–99, 29 L.Ed.2d at 348. Aldabbagh states these factors in his complaint.

In order to support a complaint under this section, Aldabbagh must also be a member of a statutorily protected class and actions taken by the defendants must stem from his membership in the class. *Silkwood v. Kerr–McGee Corp.*, 637 F.2d 743, 746–47 (10th Cir.1980), *cert. denied*, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 111 (1981). Aldabbagh failed to plead his race or national origin, therefore his claim under § 1985(3) cannot survive a motion to dismiss. *Graham v. Oklahoma City*, 859 F.2d 142, 147 (10th Cir.1988).

### Constitutional Claims

Claims 3, 4, 5, 6, and 7 allege that the defendants have denied Aldabbagh due process and equal protection of the law and have denied him equal privileges and immunities of citizenship under the United States and Arizona constitutions.

Aldabbagh alleges that the various actions of the police departments and Liquor Department deprived him of his constitutional rights during the revocation of his liquor licenses. The transcript and record of the license revocation proceeding were not before the trial court. The pleadings themselves do not indicate that these issues have been litigated.

Nevertheless, on the face of the pleadings, claims 4 and 7 do not state a claim. These claims allege Aldabbagh was denied equal protection of the law. Equal protection of the law guarantees like treatment to all persons who are similarly situated. *State v. Walton*, 133 Ariz. 282, 288, 650 P.2d 1264, 1270 (App.1982). No facts support nor does Aldabbagh allege that similarly-situated persons were treated differently than he under the Liquor Department's licensing process. Claims 4 and 7 were properly dismissed for failure to state a claim.

Claims 3, 5; and 6 cannot be dismissed on the face of the pleadings, although they may not survive a motion for summary judgment once the trial court reviews the transcript and record of the license revocation process.

### Injurious Falsehood and Interference with Prospective Advantage

Claims 1 and 2 allege that MacDonnell's intentional publication of disparaging falsehoods regarding Aldabbagh's business practices and personal affairs caused him to lose present and prospective business advantage.

Generally, injurious falsehood is the publication of matter derogatory to the plaintiff's business which is calculated to prevent others from dealing with him. *Western Technologies, Inc. v. Sverdrup & Parcel, Inc.*, 154 Ariz. 1, 4, 739 P.2d 1318, 1321 (App.1987). Aldabbagh's complaint states a legal conclusion that MacDonnell made defamatory remarks to the press concerning him. When this legal conclusion is deleted from the pleading, no facts remain to support a claim for injurious falsehood. Aldabbagh does not allege that the statements made were false, that MacDonnell knew they were false, or that he lost customers because of the statements. Claims 1 and 2 fail to state a claim upon which relief can be granted. Because these claims fail to state a claim, we need not decide whether MacDonnell is immune under A.R.S. § 12–820.

## SUMMARY

Claims 1, 2, 4, 7, 8, 9, and 11 fail to state a claim upon which relief can be granted. Claims 3, 5, and 6 state a valid claim on the face of the pleadings. Claim 10 was properly dismissed, as to damages only.

We remand to the trial court for consideration of these remaining claims.

HOWARD and HATHAWAY, JJ., concur.