NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RONALD A. WOLFSON, *Plaintiff/Appellant*,

*v.*

BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING LP; BANK
OF NEW YORK MELLON; COUNTRYWIDE HOME LOANS, INC.;
RECONTRUST COMPANY, N.A.; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., *Defendants/Appellees*.

No. 1 CA-CV 12-0691
FILED 03/11/2014

Appeal from the Superior Court in Yavapai County
No. P1300CV201100207
The Honorable Kenton D. Jones, Judge

**AFFIRMED**

COUNSEL

Ronald A. Wolfson, Prescott
*Plaintiff/Appellant In Propria Persona*

Bryan Cave LLP, Phoenix
By Robert W. Shely, Gregory B. Iannelli
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Kent E. Cattani joined.

---

**G E M M I L L,** Judge:

**¶1**         Ronald A. Wolfson appeals the trial court's dismissal of his claims for quiet title, declaratory judgment, and a violation of Arizona's false recording statute, Arizona Revised Statute ("A.R.S.") § 33-420. For the following reasons, we affirm the dismissal.

## BACKGROUND

**¶2**         Wolfson executed a promissory note secured by a deed of trust on his home in May of 2007. The deed of trust identified Quicken Loans as the lender and Title Source as the trustee. It named Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns."[1] The deed of trust provided that MERS held "only legal title" to the lender's interests but had the right to act on the lender's behalf regarding those interests. Wolfson was notified in June 2007 that Quicken Loans was transferring the servicing rights to Countrywide, but he did not receive notice that his note had been actually transferred or assigned. Both the note and deed of trust provided, however, that they could be transferred without notice to Wolfson.

---

[1]  MERS is a private corporation that administers a national electronic registry to track the transfer of ownership interests and servicing rights in mortgage loans. Members assign their interests to MERS, and MERS becomes the mortgagee of record. When one member transfers an interest to another member, MERS privately tracks the assignment but remains the mortgagee of record, thereby allowing members to sell their interests without having to record the transactions in the public record. *Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 216 n.1, ¶ 3, 311 P.3d 237, 238 n.1 (App. 2013); *see also Steinberger v. McVey ex rel. Maricopa County*, 1 CA-SA 12-0087, 2014 WL 333575, at *10-11 n.9, ¶ 28 (Ariz. App. Jan. 30, 2014).

**¶3**        Wolfson defaulted on the note in June of 2010.  Five months later, MERS assigned "all beneficial interest under [the Wolfson] deed of trust . . . together with the note" and "all rights accrued or to accrue under said deed of trust" to Defendant/Appellee The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2007-17CB Mortgage Pass-through Certificates, Series 2007-17CB ("Mellon").  On the same date, Mellon recorded a substitution of trustee appointing ReconTrust Company as successor trustee, and ReconTrust Company recorded a notice of trustee's sale of Wolfson's property.

**¶4**        Wolfson filed suit seeking an injunction to stop the trustee's sale.  ReconTrust voluntarily cancelled the sale.  After Wolfson amended his complaint, the Defendants filed a motion to dismiss the amended complaint under Rule 12(b)(6) of the Arizona Rules of Civil Procedure for failure to state a claim on which relief can be granted.  The trial court granted the Defendants' motion.  Wolfson filed a motion for new trial, which the court denied.  Wolfson timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1) and (5)(a).

## ANALYSIS

**¶5**        We review the dismissal of a complaint de novo. *Coleman v. City of Mesa,* 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012).  In reviewing the dismissal of a complaint for failure to state a claim, we accept as true the well pled facts alleged in the complaint and will affirm the dismissal only if the plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224, ¶ 4, 954 P.3d 580, 582 (1998). We need not, however, accept conclusions of law or unwarranted deductions of fact. *Aldabbagh v. Arizona Dep't of Liquor Licenses & Control,* 162 Ariz. 415, 417, 783 P.2d 1207, 1209 (App. 1989).  A complaint's exhibits, or public records regarding matters referenced in a complaint, are not "outside the pleading," and courts may consider such documents without converting a Rule 12(b)(6) motion into a summary judgment motion. *Coleman*, 230 Ariz. at 356, ¶ 9, 284 P.3d at 867.

## I.    Quiet Title Claim

**¶6**        Arizona law does not allow a homeowner to quiet title as to the beneficiary of the deed of trust until the debt on the home is paid or offered to be paid. *Farrell v. West,* 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941).  Wolfson nevertheless argues that the trial court erred in applying

the "tender rule" to bar his quiet title claim against Mellon and that doing so offended basic notions of due process. He asserts that if the tender rule bars his action then only the wealthy - those in a position to tender a large lump sum payment - would have access to the courts to quiet title to their property.

¶7 Wolfson admits he owes some entity the outstanding balance of the note, but he denies owing it to Mellon. He contends that his note was never transferred to Mellon, and because the note and deed of trust are inseparable, citing *Hill v. Favour*, 52 Ariz. 561, 569, 84 P.2d 575 (1938), the beneficial interest under the deed of trust was never transferred to Mellon. Thus, Wolfson concludes that Mellon has no interest in his property.

¶8 The trial court dismissed Wolfson's quiet title claim under *Farrell* because Wolfson had not paid or tendered payment of the outstanding balance of the note. Wolfson argues that *Farrell* is distinguishable from this case because the identity of the party owed money under the mortgage (the defendant-mortgagee or his assignee) was not at issue in *Farrell*, while it is at issue here. Wolfson claims that he owes no amount to Mellon because MERS lacked authority to transfer the note, so the assignment of the note from MERS to Mellon and the beneficial interest under the deed of trust was invalid. Because he supposedly owes no money to Mellon, Wolfson argues that he should not be required to pay off the note in order to avoid dismissal of his quiet title claim.

¶9 We need not decide whether *Farrell* is distinguishable from this case because Wolfson's argument about the validity of the note's assignment from MERS to Mellon is a legal conclusion that we reject. *See Aldabbagh*, 162 Ariz. at 417, 783 P.2d at 1209. He arrives at this conclusion based on an unwarranted factual deduction that, because he never received notice of any transfer of his note from Quicken Loans to an assignee, no such transfer took place. However, the note and the deed of trust both inform Wolfson that the lender may transfer the note at any time without notifying him. The fact that Wolfson received no notice of any transfer does not require the conclusion that no transfer took place.[2]

---

[2] Wolfson further asserts that the note can only be negotiated or transferred pursuant to A.R.S. § 47-3201(B), which was not done by MERS. Again, this is an unwarranted legal conclusion based on Wolfson never

¶10 The note and the deed of trust are evidence of the borrower's debt and the right to foreclose for failure to repay the debt. *Steinberger*, 1 CA-SA 0087, at *9, ¶25. The note and deed of trust demonstrate that MERS had the power to act as the agent of any valid note holder under the terms of the deed of trust. The plain language of the deed of trust states that MERS was authorized to act as nominee for Quicken Loans and its "successors and assigns." MERS was also designated as the beneficiary under the deed of trust, which provided that MERS had the right to exercise the lender's interests.

¶11 In cases such as these, MERS is the mortgagee of record and may assign the note and the deed of trust without regard to the lender's legal status. *Sitton*, 233 Ariz. at 221, ¶ 28, 311 P.3d at 243 (citing *Rosa v. Mortgage Electronic Sys., Inc.*, 821 F. Supp. 2d 423, 431 (D. Mass. 2011)) MERS had the authority to transfer the beneficial interest in the deed of trust and the note. According to the assignment, MERS transferred the beneficial interest to Mellon. Contrary to Wolfson's assertion, Mellon is not an unauthorized party to whom Wolfson owes no money. As the lender's assignee of record, Mellon is owed all outstanding amounts on the note, and Wolfson must pay or tender payment of the amount owed under the note to maintain an action to quiet title. *See Farrell*, 57 Ariz. at 491, 114 P.2d at 911. Accordingly, the trial court did not err in dismissing Wolfson's quiet title claim.

## II. Declaratory Judgment

¶12 Wolfson also sought a declaratory judgment that Mellon has no legal interest in his property because MERS had no authority to transfer the note. For the same reasons that we affirm the dismissal of Wolfson's quiet title claim, the trial court did not err in dismissing Wolfson's request for declaratory judgment.

## III. A.R.S. § 33-420, Arizona's false recording statute

¶13 Finally, Wolfson appeals the trial court's dismissal of his claim under A.R.S. § 33-420(A). Specifically, Wolfson alleges that

---

receiving notice of any transfer. The note itself, however, provides for transfer without notifying the borrower.

Appellees knew or had reason to know that the assignment, substitution of trustee, and notice of trustee's sale were ineffectual because they were not "properly notarized." Specifically, Wolfson points out that the recorded documents were signed in the wrong order: first, the notice of trustee's sale; next, the substitution of trustee; and, finally, the assignment.[3] Because Wolfson presumes that MERS had no authority to transfer the note to Mellon, Wolfson also alleges that the recorded documents contained material misstatements or false claims.

¶14        This court has recently held that the recorded documents that Wolfson challenges fall within the scope of A.R.S. § 33-420(A). *See Stauffer v. U.S. Bank Nat. Ass'n*, 233 Ariz. 22, ¶ 15, 308 P.3d 1173, 1177-78 (App. 2013); *Sitton*, 233 Ariz. at 219, ¶ 17, 311 P.3d at 241. Thus, the trial court erred by dismissing Wolfson's complaint on the grounds that such documents *do not* fall within the scope of A.R.S. § 33-420(A). Nonetheless, we may affirm the trial court's grant of a motion to dismiss if it is correct for any reason. *Old Republic Nat. Title Ins. Co. v. New Falls Corp.*, 224 Ariz. 526, 530, ¶ 19, 233 P.3d 639, 643 (App. 2010).

¶15        We reject Wolfson's claim that the recorded documents had no effect because they were executed in the wrong order. A recorded document is effective if no credibly arguable basis exists to question the validity of the document. *See Santa Fe Ridge Homeowners' Ass'n v. Bartschi*, 219 Ariz. 391, 395, ¶ 11, 199 P.3d 646, 650 (App. 2008). Although the documents were apparently signed in the wrong order, all were signed on the same day and recorded in the proper order the following day. More importantly, all of the executing entities apparently had the authority to sign the recorded documents, so the documents were not void. We also reject Wolfson's contention that material misrepresentation or false claims exist in the recorded documents because that contention stems from Wolfson's argument that MERS did not have authority to assign the note to Mellon. This argument fails for the reasons stated above. Thus, Wolfson has not established that the recorded documents contained misrepresentations (material or otherwise) or false claims.

---

[3] Of course, the correct order would have been to sign the assignment to Mellon, then Mellon's substitution of trustee, and finally the substituted trustee's notice of trustee's sale.

## CONCLUSION

¶**16**　　　For the foregoing reasons, we affirm the trial court's dismissal of Wolfson's first amended complaint.



**Ruth A. Willingham** · **Clerk of the Court**
FILED: gsh