791 P.2d 646

**In the Matter of the FORFEITURE OF $3,000.00 UNITED STATES CURRENCY.**

**Appeal of Gabriel LIRA.**

**No. 2 CA–CV 89–0215.**

Court of Appeals of Arizona, Division 2, Department B.

March 29, 1990.

Reconsideration Denied May 9, 1990.

Dolny, O'Hare & Barnett by George Salazar Barnett, Tucson, for appellant.

Jose Luis Machado, Santa Cruz County Atty. by Enrique R. Gonzales, Nogales, for appellee.

## OPINION

LIVERMORE, Presiding Judge.

On October 17, 1988, money belonging to appellant Gabriel Lira–Galvan was seized by Border Patrol agents. The Santa Cruz County Attorney brought a forfeiture action. Appellant contested that action by filing a petition for remission of forfeiture of the property under A.R.S. § 13–4309(2). He did not, as that statute requires, sign the petition under penalty of perjury pursuant to § 13–4311(E). After hearing, the trial court on January 20, 1989, dismissed the petition because of that defect. No appeal was taken. On June 20, 1989, a new verified claim was filed; it was denied as untimely. On appeal, it is argued that the forfeiture of the money was ordered with-

out probable cause and that the claim was properly filed under A.R.S. § 12–504, the "saving statute." We disagree and affirm.

 A.R.S. § 12–504 provides:

If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

Whether the additional time permitted for filing an action is available under A.R.S. § 12–504 depends on whether the ruling that the claim was insufficient was a "final judgment on the merits." We believe on the facts of this case that it was. In finding that the failure to sign the petition required dismissal, the trial court necessarily found that a properly verified petition had to be filed within thirty days of the notice of forfeiture or the claim would be lost. If the court believed otherwise it could have allowed verification at the hearing or accepted appellant's testimony under oath as satisfying the verification requirement. We need not decide whether the ruling was correct. That issue could have been raised on appeal but was not.

What makes this order of dismissal a final judgment on the merits is that it found no cause of action for a defect that was uncorrectable. Were we to allow a new action to be filed under A.R.S. § 12–504, we would be allowing a horizon-

tal appeal to another judge or, as here, where the same judge entered the same ruling, an extension of the time for filing an appeal where it had been lost through inaction. There is nothing in the history of the saving statute to indicate such a result. It was aimed at allowing litigants to cure defects after the statute of limitations had run so long as the opposing party had notice of the claim; it was not aimed at allowing another judicial interpretation of a matter of law.[1]

Affirmed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.

---

1. Because we find that appellant was no longer a party to this action, he has no standing to contest the forfeiture.