878 P.2d 1386

Ethel A. Olivarria de NORRIEGA, and Mary C. Payan, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

Jose Luis MACHADO, Santa Cruz County Attorney; Alfonso Bracamonte, Sheriff of Santa Cruz County; and Dennis A. Garrett, Chief, Phoenix Police Department; in their official capacities, and Frederick J. Ayars, Director, Arizona Department of Public Safety, Defendants–Appellees.

No. 1 CA–CV 92–0350.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 9, 1994.

Southern Arizona Legal Aid, Inc. by William E. Morris and Salese & McCarthy, P.C. by Armand Salese, Tucson, for appellants.

Jones, Skelton & Hochuli by William R. Jones, Jr. and David C. Lewis, Phoenix, for appellees Garrett, Machado, Bracamonte.

Grant Woods, Atty. Gen. by Richard L. Rice, Asst. Atty. Gen., Phoenix, for appellee Frederick J. Ayars.

Grant Woods, Atty. Gen. by Cameron H. Holmes, Asst. Atty. Gen., Phoenix, for amicus curiae Atty. Gen.

## OPINION

GERBER, Judge.

In this appeal, we consider whether appellants are barred by the doctrine of *res judicata* from maintaining an action challenging the constitutionality of Arizona's forfeiture statutes. Because neither appellant was a party in the prior forfeiture proceedings, we hold that *res judicata* does not bar their action.

## FACTS AND PROCEDURAL HISTORY

This is an appeal from the grant of a motion to dismiss. We therefore consider all material facts as alleged in the complaint to be true. *See Anson v. American Motors Corp.*, 155 Ariz. 420, 421, 747 P.2d 581, 582 (App.1987).

### A. Appellant Ethel A. Olivarria de Norriega (Mrs. Norriega)

In August 1990, agents of the federal Drug Enforcement Agency (DEA) arrested Mrs. Norriega's husband in Tucson. He was charged with violations of federal law. Mrs. Norriega was neither arrested nor charged with any crime in connection with her husband's activities. She has disavowed any knowledge of his illegal activity.

At the time of Mr. Norriega's arrest, DEA agents seized the 1979 Chevrolet Caprice that he was driving. The vehicle had been outfitted as a taxicab and was used by Mr. Norriega to generate income for his family. Although the vehicle was registered only in Mr. Norriega's name, it was acquired with marital community assets and thus was the community property of the Norriegas.

The DEA transferred control of the vehicle to the Santa Cruz County Sheriff. In September 1990, appellee Jose Luis Machado (Machado), Santa Cruz County Attorney, sent Mr. Norriega a notice regarding the vehicle's seizure and pending forfeiture. The notice was not served on Mrs. Norriega and did not refer to her or her interest in the vehicle; however, she executed a sworn petition for remission in accordance with Ariz. Rev.Stat.Ann. ("A.R.S.") section 13–4309(2) and sent it to Machado. In her petition, she asserted her interest in the vehicle, set forth the circumstances of its acquisition by the marital community, and averred that she did not know of the acts that gave rise to the forfeiture. She argued that probable cause for the forfeiture of her interests did not exist, that her interests were not subject to forfeiture, and that the res was illegally and unconstitutionally seized.

In October 1990, Mr. Norriega's attorney received from Machado a "Denial of Claim for Property/Petition for Remission or Mitigation of Forfeiture; Declaration of Forfeiture." The denial did not make any reference to Mrs. Norriega, to her petition, or to her interest in the vehicle. It declared the seized vehicle forfeited pursuant to A.R.S. section 13–4309.

Pursuant to A.R.S. section 13–4309(3)(c), Mrs. Norriega was entitled to file a claim in superior court within thirty days after the mailing of the declaration of forfeiture. However, she elected not to file such a claim because she did not want to take the risk of having a mandatory award of the government's court costs, attorneys' fees, and investigation costs assessed against her if she did not prevail in her claim.

Machado obtained a court order which confirmed the forfeiture and conveyed "the interests of Armando Gilberto Hoyo–Noriega [sic] and all other claimants" in the vehicle to the Santa Cruz Sheriff's Office. The vehicle was transferred to the sheriff's office to be sold.

### B. Appellant Mary C. Payan (Payan)

In December 1989, Payan flew to El Paso, Texas with a friend, George Wright (Wright). She intended to prepare a mobile home that she owned in Juarez, Mexico for rental. While she visited her sister in Juarez, Wright went to a swap meet on the United States side of the border. There, he purchased approximately one pound of marijuana. Wright concealed the drug in a small suitcase that he and Payan were sharing for the one-day trip. He did not tell Payan about the purchase or the location of the marijuana.

On the return trip, the El Paso Police Department conducted a routine check of the

baggage being loaded onto the aircraft. A narcotics detection dog alerted to Wright's suitcase. A police officer noted Wright's name and address °on the identification tag and relayed the information to the Phoenix Police Department.

At the Phoenix airport, police detectives confronted Wright. He admitted that he had marijuana in his possession and consented to a search of his suitcase. He explained that Payan had the key. After discovering the marijuana, police arrested the couple. Payan was charged with transportation of marijuana, but the charge was dismissed by stipulation.

At the time of her arrest, Payan's car was seized. The arresting officers gave her a form entitled "Notice of Seizure for Forfeiture." On December 29, 1990, a Phoenix city prosecutor issued a notice of seizure for forfeiture and notice of pending uncontested forfeiture, which stated that the vehicle was used or intended to be used to transport marijuana.

Payan filed a handwritten claim in the superior court in which she asserted her innocence of any wrongdoing. The prosecutor informed Payan that her *pro se* pleading did not comply with various requirements of A.R.S. section 13–4311. Payan then filed a pleading in which she attempted to supplement her original claim. The prosecutor moved to strike the claim, arguing that it failed to comply with the requirements of section 13–4311(E). The trial court granted the motion and announced that it would review the file to determine whether probable cause existed for forfeiture of the vehicle. Payan was not allowed to testify, present testimony of other witnesses, or cross-examine witnesses against her. After the trial court found the existence of probable cause, Payan's car was forfeited. The lender on the purchase money loan secured by the car charged Payan with a deficiency of $2,396.99.

### C. Procedural History

On September 25, 1991, Mrs. Norriega and Payan[1] filed a complaint pursuant to 42 U.S.C. sections 1981 and 1983 in which they alleged that certain provisions of Arizona's forfeiture statutes, A.R.S. sections 13–4301 to 4315, were unconstitutional as applied to the forfeiture of their property. They sought a declaratory judgment that the challenged provisions of the forfeiture statutes were unconstitutional and requested restitution for the value of the forfeited property and an award of attorneys' fees pursuant to 42 U.S.C. section 1988.

Appellees filed a motion to dismiss in which they argued that the constitutional claims asserted by Mrs. Norriega and Payan were barred by the doctrine of *res judicata.* They contended that appellants could have asserted their constitutional claims in the prior forfeiture proceedings and because they did not do so, they were barred from presenting the claims in a subsequent court action. Appellees noted that Mrs. Norriega had failed to follow up the denial of her claim by pursuing an action in superior court and that Payan had filed a defective pleading which was struck by the trial court. Appellees concluded that the orders in both cases constituted final judgments on the merits that precluded subsequent litigation of the procedural due process claims.

In response, Mrs. Norriega and Payan argued that they were entitled to bring their section 1983 action because states may not place conditions on a party's assertion of federal constitutional rights. Mrs. Norriega argued that she could not have tendered section 1983 claims under the statutes governing the only proceedings conducted prior to her section 1983 action because her petition for remission was merely an extrajudicial means of informally settling the claim in the *in rem* forfeiture. Payan asserted that she was not allowed to participate in the *in rem* action in which her car was forfeited. They argued that the *in rem* forfeiture proceedings did not afford them a full and fair opportunity to present their section 1983 claims.

The trial court granted the motion to dismiss on the basis of *res judicata.* Norriega and Payan timely appealed.

1. Another plaintiff, the Arizona New Alliance Party, is not a party to this appeal.

## DISCUSSION

██ Because this appeal involves questions of law decided by the trial court, our review is de novo. *Aldabbagh v. Dept. of Liquor Licenses and Control*, 162 Ariz. 415, 418, 783 P.2d 1207, 1210 (App.1989).

As a threshold matter, appellees argue that we should disregard the arguments and theories raised by appellants on appeal that were not raised in the trial court. Because we base our disposition of this appeal on arguments made in the trial court and do not reach the other issues, we need not address this contention.

The issue on appeal is whether the trial court erred in ruling that the *in rem* forfeiture judgments previously entered against personal property in which appellants assert interests preclude their claims that certain provisions of Chapter 39 of Title 13 of the Arizona Revised Statutes are unconstitutional as written and applied. Appellants raise six arguments to support their position that the trial court erred in dismissing their complaint on *res judicata* grounds. However, we need only consider their argument that because they could not have tendered their constitutional claims in the prior *in rem* forfeiture proceedings, *res judicata* does not bar their present action.

██ Under the doctrine of *res judicata*, a final judgment on the merits rendered without fraud or collusion by a court of competent jurisdiction in a prior suit involving the same parties bars a second lawsuit based on the same cause of action. *Aldrich and Steinberger v. Martin*, 172 Ariz. 445, 448, 837 P.2d 1180, 1183 (App.1992); *Barassi v. Matison*, 134 Ariz. 338, 340, 656 P.2d 627, 629 (App.1982). *Res judicata* binds parties standing in the same capacity in subsequent litigation on every issue decided in the prior action as well as on every issue that could have been decided. *Vance v. Vance*, 124 Ariz. 1, 2, 601 P.2d 605, 606 (1979).

██ For *res judicata* to apply, there must have been prior litigation involving the parties who are present in the second lawsuit.

That component of *res judicata* is missing in Mrs. Norriega's case.

██ Machado initially offered uncontested forfeiture to Mrs. Norriega's husband. Under A.R.S. section 13–4309(1), the attorney for the state may make uncontested forfeiture available to owners of and interest holders in personal property by providing notice of pending forfeiture to all persons known to have an interest in the property.[2] Machado gave such notice to Mr. Norriega. Mr. Norriega or any other interest holder in the property then had thirty days "to file either a claim with the court ... or a petition for remission or mitigation of forfeiture with the attorney for the state...." A.R.S. § 13–4309(2).

Because she had a community property interest in the seized vehicle, Mrs. Norriega filed a petition for remission with Machado. Under A.R.S. section 13–4309(3), Machado then had to determine whether the property was subject to forfeiture and provide the seizing agency and the petitioner with a written declaration of forfeiture, remission, or mitigation of any interest in the property in response to the petition.

Mrs. Norriega indicated in her petition that she would accept mailings in care of her attorney, who was also her husband's attorney. Machado's "Denial of Claim for Property/Petition for Remission or Mitigation of Forfeiture; Declaration of Forfeiture" was addressed to her attorney. However, the denial identified him as the attorney for Mr. Norriega and did not contain any reference to Mrs. Norriega or to her interest in the seized property. There was nothing in the denial to indicate that Machado was denying her claim.

As an interest holder in the vehicle that Machado declared forfeited, Mrs. Norriega could have filed a claim in the superior court of Santa Cruz County within thirty days after the declaration of forfeiture was mailed. *See* A.R.S. § 13–4309(3)(c). Because she did not file a claim, the declaration of forfeiture became final. Machado therefore was enti-

---

**2.** Pursuant to A.R.S. section 13–4301(1), " '[a]ttorney for the state' means an attorney designated by the attorney general, by a county attorney or by a city attorney or any seizing agency authorized to hire counsel to investigate, commence and prosecute an action under [Chapter 39]."

tled to proceed as provided in sections 13–4314 and 13–4315. *See* A.R.S. § 13–4309(3)(e).

Under A.R.S. section 13–4314(A), if no petitioner files a timely claim, the attorney for the state must apply for an order of forfeiture and allocation of forfeited property pursuant to section 13–4315. Once the state files a written application showing jurisdiction, notice, and facts sufficient to demonstrate probable cause for forfeiture, the court must order the property forfeited to the state. A.R.S. § 13–4314(A). As Mrs. Norriega notes, there is no provision in the statutes for anyone to intervene in the proceeding once the state has applied to the court for an order of forfeiture. Machado followed the required procedure, and the court consequently entered an order confirming the forfeiture and conveying the vehicle to the Santa Cruz Sheriff's Office.

For *res judicata* to apply to bar Mrs. Norriega's action challenging the constitutionality of the forfeiture statutes, she had to have been a party in a prior lawsuit based on the same cause of action. As she asserts on appeal, she did not enter an appearance in any judicial proceeding. She involved herself in the forfeiture process by filing a petition for remission; as she notes, however, the filing of a petition and its disposition by government counsel constitute extrajudicial proceedings rather than court adjudication. Furthermore, the government attorney did not even acknowledge that she had filed the petition.

Mrs. Norriega was not a party in any prior litigation based on the same cause of action as her constitutional claims. Nothing was litigated in the summary *in rem* court proceeding in which Santa Cruz County applied for an order confirming the forfeiture of the vehicle. Furthermore, the only "parties" in the *in rem* proceeding were the state and the vehicle. "In the strict sense of the term, a proceeding *'in rem'* is one which is taken directly against property or one which is brought to enforce a right in the thing itself." *State v. Five Thousand Five Hundred & 00/100 Dollars ($5,500) in U.S. Currency*, 169 Ariz. 156, 158–59, 817 P.2d 960, 962–63 (App. 1991) *(Chaison)*, quoting from *Black's Law Dictionary* 713 (5th ed. 1979). An *in rem* forfeiture proceeding is an action against particular property that was used or intended to be used to facilitate the commission of a crime. *In re One 1983 Toyota Silver Four–Door Sedan*, 168 Ariz. 399, 403, 814 P.2d 356, 360 (App.1991). Thus, the property is the nominal defendant. *Chaison*, 169 Ariz. at 159, 817 P.2d at 963.

Without considering the effect of any possible notice defects, we acknowledge that Mrs. Norriega could have filed a claim to initiate a court action. However, we do not believe the doctrine of *res judicata* applies to bar an action where a party could have filed an earlier action in which the claims could have been litigated but did not do so. *Res judicata* requires prior litigation involving the same parties and based on the same cause of action as in the second lawsuit. Here, there was no first lawsuit involving Mrs. Norriega that could have bound her in subsequent litigation. We therefore conclude that the doctrine of *res judicata* does not bar her action that is the subject of this appeal.

■ Although her situation is different from that of Mrs. Norriega, we find also that *res judicata* does not bar Payan's present constitutional claim. Payan acknowledges in her complaint that a Phoenix city prosecutor issued a notice of seizure for forfeiture and notice of pending forfeiture regarding her car. In response to the notice, Payan filed a claim in superior court. She subsequently filed a supplement to the claim in an attempt to satisfy the requirements of A.R.S. section 13–4311(E). The prosecutor moved to strike the claim, arguing that it did not comply with the requirements of section 13–4311(E). The trial court granted the motion to strike.

In *Matter of $70,269.91 in U.S. Currency*, 172 Ariz. 15, 833 P.2d 32 (App.1991) *(Benson)*, this court explained the means by which a person may become a party in an *in rem* forfeiture action:

To contest a forfeiture action, one must be a party to the action and have standing. In a civil forfeiture action, one acquires standing by alleging an interest in the property. Under Arizona statutes, an

owner or interest holder in property subject to forfeiture alleges an interest by filing a claim against the property. The claim must include the elements set forth in A.R.S. § 13–4311.E. Once the owner or interest holder files a proper claim, he becomes a "claimant" and is entitled to a hearing to adjudicate the validity of his interest.

*Id.* at 19–20, 833 P.2d at 36–37 (citations and footnote omitted). A claimant in a forfeiture proceeding is a party to the action along with the state, even though forfeiture is essentially an *in rem* proceeding. *Fitzgerald v. Superior Court In and For the County of Maricopa,* 173 Ariz. 539, 546, 845 P.2d 465, 472 (App.1992). However, if the court strikes the claim of an owner or interest holder because the claim fails to conform with A.R.S. section 13–4311(E), the claimant is not a party to the forfeiture action and does not have standing to litigate issues in the action. *Benson,* 172 Ariz. at 20, 22, 833 P.2d at 37, 39; *Matter of the Forfeiture of $3,000.00 U.S. Currency,* 164 Ariz. 120, 121 n. 1, 791 P.2d 646, 647 n. 1 (App.1990).

Because Payan's claim was stricken for failure to comply with section 13–4311(E), she was not a party in the forfeiture action and did not have standing to contest the forfeiture based on lack of probable cause, unconstitutionality of the forfeiture statutes, or any other grounds. The question, then, is whether *res judicata* applies to bar her subsequent action when she attempted to attain party status and standing to litigate the forfeiture but failed to do so.

If we analogize this situation with that of a default judgment, *res judicata* applies to bar the second action. A default judgment has the same *res judicata* effect as a judgment on the merits where the issues were litigated. *Technical Air Products, Inc. v. Sheridan–Gray, Inc.,* 103 Ariz. 450, 452, 445 P.2d 426, 428 (1968).

However, the striking of a claim in an *in rem* forfeiture action is not analogous to a default in a standard civil action in one important aspect. In a civil action, a defendant who defaults is nevertheless a party in the action. Thus, because the defendant was a party in the action, *res judicata* bars a subsequent lawsuit involving the same parties based on the same cause of action.

In contrast, in an *in rem* forfeiture action, the only parties are the state and the property unless an owner or interest holder in the property successfully files a claim and becomes a claimant or party. In Payan's case, she was not a party in the *in rem* action; only the state and the automobile were parties. Her constitutional claims could not have been decided in the forfeiture action because she was not a party and had no standing to litigate anything in the action. Because she was not a party in the prior suit, *res judicata* does not bar her action asserting the unconstitutionality of the forfeiture statutes.

## CONCLUSION

Mrs. Norriega and Payan were not parties in the prior forfeiture actions and thus the doctrine of *res judicata* does not bar their action involved in this appeal. We therefore reverse the trial court's dismissal of their complaint, reinstate their complaint, and remand for further proceedings.

GARBARINO, P.J., and GRANT, J., concur.