969 P.2d 166

STATE, of Arizona, Plaintiff-Appellee,

v.

ONE SINGLE FAMILY RESIDENCE AT 1810 EAST SECOND AVENUE, FLAG-STAFF, ARIZONA, more particularly described as: Sunnyside Farms all that portion of Lot 1 Tract 16A lying west of a straight line beginning at a point 62' west of the northeast corner of said lot to a point 50' west of the southeast corner of said lot; Lot 1 Tract 16A; one 1976 Toyota Station Wagon, Arizona license # AGG 149, VIN RT119033468; one 1978 Toyota Station Wagon, Arizona License # GTS 993, VIN MX36004643, Defendants,

Wilson G. Wheatcroft and Janet M. Wheatcroft, Claimants-Appellants.

No. 1 CA–CV 97–0029.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 4, 1997.

Reconsideration Denied Jan. 12, 1998.

Review Denied Sept. 10, 1998.

Terence C. Hance, Coconino County Attorney by Richard S. Vihel, Assistant County Attorney, Flagstaff, for Plaintiff–Appellee.

Wilson G. Wheatcroft and Janet M. Wheatcroft in propria persona, Flagstaff, Claimants–Appellants.

Grant Woods, Attorney General by Cameron H. Holmes, Assistant Attorney General, Phoenix, Amicus Curiae.

## OPINION

PATTERSON, Judge.

Appellant, Wilson G. Wheatcroft, acting on behalf of himself and the defendant *res*, appeals the superior court judgment or-

dering forfeiture of the above-referenced *res* to the Coconino County Attorney.[1] We reaffirm the longstanding rule that seizure of the *res* is a necessary first step for a trial court to have *in rem* jurisdiction in a forfeiture action. We hold that the state failed to seize the Appellant's residence for forfeiture, therefore, the superior court never obtained *in rem* jurisdiction over it. We further hold that the failure to give notice of pending forfeiture did not deprive the court of jurisdiction over the two vehicles.

Finally, we discuss whether there was sufficient evidence to forfeit the *res* and whether the forfeiture of the real property constituted an excessive fine. For the following reasons, we affirm in part and reverse in part.

## FACTS [2] AND PROCEDURAL HISTORY

Wilson and Janet Wheatcroft were arrested in the forest south of Flagstaff, where they were discovered tending marijuana plants. Law enforcement officials seized large numbers of marijuana plants and a 1976 Toyota station wagon, which had been outfitted with large tanks to water the marijuana plants. Police later executed a search warrant on the Wheatcrofts' residence in Flagstaff and seized numerous growing marijuana plants, along with literature on marijuana cultivation and various other marijuana paraphernalia.

About a week later, the Wheatcrofts were again arrested, this time at a marijuana cultivation site in the forest north of Flagstaff. Officers seized a 1978 Toyota station wagon in connection with this arrest.

On May 4, 1992, the state filed this judicial *in rem* forfeiture action seeking to forfeit the two automobiles and the residence. The Wheatcrofts filed an answer and a claim to the property. They later challenged the superior court's jurisdiction over the property, asserting the state's failure to seize the resi-

---

1. Only Wilson Wheatcroft signed the notice of appeal. Because he is not an attorney, he cannot represent his wife in court and the notice of appeal is invalid as to her. *Haberkorn v. Sears Roebuck & Co.*, 5 Ariz.App. 397, 399, 427 P.2d 378, 380 (1967). Thus, we lack jurisdiction over Janet Wheatcroft's appeal. Although her time for appeal has now expired, she may not be without remedy. See Ariz. R. Civ. P. 60(c)(4).

2. Many of the facts stated in Appellant's brief are not supported by citation to the record. We will not consider such unsupported assertions. *See* Ariz. R. Civ.App. P. 13(a)(4); *Arizona Laborers, Teamsters and Cement Masons Local 395 Health and Welfare Trust Fund v. Hatco, Inc.*, 142 Ariz. 364, 369–70, 690 P.2d 83, 88–89 (App.1984).

dence and failure to give proper notice under the forfeiture statutes as to the vehicles. They also defended on the merits, contending that the property was not subject to forfeiture because the state could not prove that the marijuana was being produced for pecuniary gain. The superior court determined that it had jurisdiction and ordered the property forfeited. This appeal followed. We have jurisdiction over Wilson Wheatcroft's appeal pursuant to Ariz.Rev.Stat. Ann. (A.R.S.) section 12–2101(B) (Supp.1996).

## ISSUES

1. Did the state's failure to seize the residence for forfeiture deprive the superior court of *in rem* jurisdiction over it?

2. Did the failure to give notice of pending forfeiture deprive the superior court of *in rem* jurisdiction over the vehicles?

3. Was the state collaterally estopped from proving the claimants' crimes were committed for pecuniary gain?

4. Did the state present sufficient evidence that the claimants' crimes were committed for pecuniary gain?

5. Is the judgment of forfeiture invalid as an excessive fine under the rationale of *State v. Leyva?*

## DISCUSSION

### I. *IN REM* JURISDICTION

#### A. Jurisdiction over the Residence

■ The main question presented in this appeal is whether the superior court gained jurisdiction over the defendant residence. Wheatcroft argues the state's failure to seize the residence for forfeiture means the court

never acquired jurisdiction over it. *See* A.R.S. § 13–4306(B)(1) (1989).[3] The state argues that jurisdiction was proper because the real property is located in, and the conduct giving rise to forfeiture occurred in, Coconino County. *See* A.R.S. § 13–4303 (Supp.1996). According to the state, nothing more is required because section 13–4305 is permissive ("Property subject to forfeiture under this chapter *may* be seized for forfeiture ...")(emphasis added). The state is wrong. A reading of the entire section shows that the state must take an affirmative step to seize the property to acquire jurisdiction. A.R.S. § 13–4305.

Procedure in forfeiture actions is governed by A.R.S. sections 13–4301–4316 (1989 and Supp.1996). The attorney for the state may institute forfeiture proceedings against property that is subject to forfeiture.[4] A.R.S. § 13–4308. The state's attorney may proceed in three ways: (1) informal "uncontested" forfeiture, A.R.S. section 13–4309; (2) judicial *in rem* action, A.R.S. section 13–4311; or (3) a judicial *in personam* action, A.R.S. section 13–4312. Here, the county attorney decided to proceed against the *res* in an *in rem* action.

Section 13–4311 reads in pertinent part:

A. If a forfeiture is authorized by law, it shall be ordered by a court on an action in rem brought by the state *pursuant to a notice of pending forfeiture or* a verified complaint for forfeiture....

B. A civil in rem action may be brought by the state in addition to or in lieu of the civil and criminal in personam forfeiture procedures set forth in §§ 13–4312 and 13–4313 or the uncontested civil forfeiture *procedures* set forth in § 13–4309. Judicial in rem forfeiture proceedings are in the nature of an action in rem and are

---

3. The language pertaining to constructive seizure is now found at A.R.S. section 13–4305(B)(Supp.1996). The language of the two statutory provisions is substantially the same. Thus, we believe our interpretation of section 13–4306 would also be applicable to the newly amended section 13–4305. We will refer to its former designation in this opinion.

4. The state alleged that the automobiles and the real property were forfeitable because Wheatcroft was guilty of producing marijuana and possessing marijuana for sale. Possessing marijua-

na for sale and producing marijuana are felonies. See A.R.S. § 13–3405. Under A.R.S. section 13–2301(D)(4)(k)(Supp.1996), such felonies constitute "racketeering" when done for financial gain. As a result of the racketeering offense, "all ... property and other things of value used or intended to be used in any manner or part to facilitate the commission of the offense" are subject to forfeiture. A.R.S. § 13–2314(G)(3) (Supp. 1996). When this action was filed, this statute was found at A.R.S. section 13–2314(F) (1989).

governed by the rules of civil procedure unless a different procedure is provided by law.

(Supp.1996) (italicized language added by Laws 1994, Ch. 219, § 12). Section 13–4306(B)(1) sets forth the procedure used to constructively seize property for forfeiture by a peace officer. It states:

> B. If property is seized for forfeiture under § 13–4305 . . . the seizing agency *may* . . .
>
> 1. Place the property under constructive seizure by posting notice of seizure for forfeiture on it or by filing notice of seizure for forfeiture or notice of pending forfeiture in any appropriate public record relating to the property.

A.R.S. § 13–4306(B)(1) (emphasis added.)

The state argues that the trial court correctly concluded it had jurisdiction over the residence simply because it is located within the territorial jurisdiction of the court. This is wrong. As set forth in section 13–4306(B)(1), the *res* must also be brought before the court through proper seizure. Although section 13–4311 does not explicitly require seizure for forfeiture, the requirement is unquestionably a part of the statute.

The forfeiture statute contains a territorial limit on the superior court's jurisdiction. See A.R.S. § 13–4302. Further, the location of the property within the county is also pertinent to venue. See A.R.S. § 13–4303. However, these statutes do not authorize the superior court to act upon a particular *res* if it has not been brought before the court through proper process. To hold otherwise would lead to the absurd result that the superior court currently has jurisdiction over all property in the state and that the state need only file a forfeiture complaint to seize and forfeit the property.

Division Two of this court has also held that a court must have actual or constructive possession of the property to be forfeited to have *in rem* jurisdiction in a forfeiture proceeding. *In re 1976 Porsche Auto. (State v. Jacobsen)*, 141 Ariz. 421, 422, 687 P.2d 946, 947 (App.1984) (holding that an illegal seizure by the state does not give the court jurisdiction). Although the state has ignored *Jacobsen* in its brief, it attempted to argue to the trial court that the case supported its position. It argued that *Jacobsen* stood for the proposition that the *res* must be within the territorial limits of the court in order for jurisdiction to exist (the automobile in *Jacobsen* was seized in New Mexico). *Jacobsen* addressed the location of the seizure, not whether the seizure was properly effected.

Appellant argues this court has held that the *res* must be brought before the court to sustain proper jurisdiction, citing *In re $113,888, United States Currency (Rende v. State)*, 168 Ariz. 229, 232, 812 P.2d 1047, 1050 (App.1990). The state responds that we overruled *Rende* in *In re One Single Family Residence and Real Property (State v. Sigman)*, 185 Ariz. 35, 912 P.2d 39 (App.1996). While it is true that *Sigman* overruled *Rende*, neither case addressed the initial seizure of the property. The *Sigman* court held that release of the *res* does not deprive the court of its jurisdiction. *Sigman*, 185 Ariz. at 39, 912 P.2d at 43. However, that holding does not change the fact that the state must initially seize the property.

This proposition is further supported by the United States Supreme Court's holding in *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 84, 113 S.Ct. 554, 557, 121 L.Ed.2d 474 (1992), *citing inter alia, United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 363, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984); *Taylor v. Carryl*, 61 U.S. (20 How.) 583, 599, 15 L.Ed. 1028 (1857). In *Republic National Bank*, the Court reiterated the general rule that seizure is a prerequisite to the court's jurisdiction in an *in rem* civil forfeiture proceeding. *Id.*

Further, the Supreme Court has held that due process requires a pre-seizure hearing before the government may make an actual, physical seizure for forfeiture of real property. *United States v. James Daniel Good Real Property*, 510 U.S. 43, 57, 114 S.Ct. 492, 502, 126 L.Ed.2d 490 (1993). In *James Daniel Good*, the Court again reiterated the rule that the court must have possession of the *res* in order to have *in rem* jurisdiction. *Id.*

The Court noted that the federal statutes allow the government to accomplish possession with the relatively simple procedure of

constructive—as opposed to actual, physical—seizure:

> In the case of real property, the res may be brought within the reach of the court simply by posting notice on the property and leaving a copy of the process with the occupant. In fact, the rules which govern forfeiture proceedings under [21 U.S.C] § 881 already permit process to be executed on real property without physical seizure.

*Id.* at 58, 114 S.Ct. at 503. Our state forfeiture statutes provide for similar constructive seizure. *See* A.R.S. § 13–4306(B)(1). The Arizona legislature provided that "the seizing agency may ... [p]lace the property under constructive seizure by posting notice of seizure for forfeiture on it or by filing notice of seizure for forfeiture or notice of pending forfeiture in any appropriate public record relating to the property." A.R.S. § 13–4306(B)(1).

If, as noted above, it has long been the law that initial seizure of the *res* is necessary to give the court *in rem* jurisdiction, then the legislature clearly required such seizure when it prescribed that "[j]udicial in rem forfeiture proceedings are in the nature of an action in rem...." A.R.S. § 13–4311(B). In A.R.S. section 13–4306(B), the legislature prescribed alternative methods for seizing the property for forfeiture to initiate the *in rem* forfeiture proceedings.

The state failed to seize the property according to A.R.S. section 13–4306(B)(1). Thus, the trial court erred in denying the motion to dismiss for lack of jurisdiction with respect to the residence.

### B. Jurisdiction over the Vehicles

■ Unlike the residence, it is undisputed that the state actually seized the two Toyota vehicles. However, Wheatcroft argues that jurisdiction was not perfected because no notice of pending forfeiture was given, as is required by the statute relating to judicial *in rem* forfeiture proceedings. The statute states:

> On the filing of a civil in rem action by the state in superior court the clerk of the court in which the action is filed shall provide, and the attorney for the state may provide, the notice of pending forfeiture required by § 13–4307 unless the files of the clerk of the court reflect that such notice has previously been made.

A.R.S. § 13–4311(C)(Supp.1996).[5] We hold that the failure to provide the statutory notice did not deprive the court of jurisdiction over the vehicles.

In an *in rem* forfeiture action, the proceedings are nominally against the property: the *res* is the defendant. To challenge the forfeiture action, the person whose interest the state wishes to forfeit must become a claimant by filing a claim under A.R.S. § 13–4311(D) and (E). *In re $70,269.91 in United States Currency (State v. Benson),* 172 Ariz. 15, 19–20, 833 P.2d 32, 36–37 (App.1991); *Norriega v. Machado,* 179 Ariz. 348, 352–53, 878 P.2d 1386, 1390–91 (App.1994). Compliance with A.R.S. section 13–4311(D) is not necessary to "perfect" the court's jurisdiction over the *res.* The jurisdiction is perfected when the *res* is properly before the court. *See* section I.A. of this opinion.

■ When the state seeks to forfeit a person's property, due process requires that the person be given notice of the proceedings and an opportunity to be heard. U.S. CONST. amends. V, XIV; ARIZ. CONST., art. II, § 4; *In re Rights to Use of Gila River,* 171 Ariz. 230, 235, 830 P.2d 442, 447–48 (1992); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950) (holding "deprivation of ... property by adjudication [must] be preceded by notice and opportunity for hearing appropriate to the nature of the case"); *Mervyn's Inc. v. Superior Court,* 144 Ariz. 297, 300, 697 P.2d 690, 693 (1985) (finding "any procedure which deprives an individual of a property interest must satisfy due process"). While it is undisputed that Wheatcroft did not receive the notice in the form required by

---

**5.** Wheatcroft also cites A.R.S. section 13–4301(7) where the legislature defines "seizure for forfeiture" as "seizure of property by a peace officer coupled with an assertion by the seizing agency or by an attorney for the state that the property is subject to forfeiture." This section refers to an "assertion" by the state, not any notice to be given.

the forfeiture statutes, this failing was inconsequential because Wheatcroft filed his claim, became a party, and contested the forfeiture.

The notice provisions of the forfeiture chapter are intended to give interested persons an opportunity to contest the forfeiture. Notice allows the person to file a claim, become a party to the *in rem* proceeding, and to contest it. *See Norriega,* 179 Ariz. at 352–53, 878 P.2d at 1390–91. Here, that means giving Wheatcroft both notice of the pending forfeiture action and an opportunity to contest it, which he did.

■ The defendant in an *in personam* action may assert a lack of jurisdiction over him by challenging the process or its service. *See* Ariz. R. Civ. P. 12(b)(4) and (5). However, the defendant who appears in the matter and litigates it on the merits waives any objection over the failure to properly serve him with process. *National Homes Corp. v. Totem Mobile Home Sales, Inc.,* 140 Ariz. 434, 437, 682 P.2d 439, 442 (App.1984).

Wheatcroft had actual knowledge of the proceeding and not only had the opportunity to be heard, but took full advantage of it by contesting the matter all the way through judgment. Therefore, the failure to provide the notice prescribed by the statute caused no prejudice. If an error is not prejudicial, it is not grounds for reversal. ARIZ. CONST., art. 6, § 27; *Walters v. First Fed. Sav. and Loan Ass'n,* 131 Ariz. 321, 326, 641 P.2d 235, 240 (1982). Therefore, the court had jurisdiction over the vehicles and that portion of the judgment is affirmed.

## II. PROBABLE CAUSE TO FORFEIT

Wheatcroft further argues that the state did not show probable cause for forfeiting the property. Under A.R.S. section 13–4304, property may be forfeited if a statute provides for its forfeiture. The state relied on the racketeering statute,[6] which provides for forfeiture if the property is "used or intended to be used in any manner or part to facilitate

the commission of the offense." A.R.S. § 13–2314(F)(3) (1989)[7]. "Racketeering" is defined as "any act, . . . *committed for financial gain,* which is chargeable or indictable under the laws of . . . this state . . . and . . . punishable by imprisonment for more than one year . . . involving . . . [p]rohibited drugs, marijuana or other prohibited chemicals or substances." A.R.S. § 13–2301(D)(4)(k)(Supp.1996)(emphasis added). Wheatcroft argues that the state could not and did not prove that his offense was committed for financial gain, and thus the state did not prove a forfeitable offense. He argues that the state was not only barred by collateral estoppel, but it failed to adduce the necessary evidence.

### A. Collateral Estoppel

■ Wheatcroft agreed to plead guilty to two counts of violation of A.R.S. section 13–3405(A)(3), which criminalizes the production of marijuana. At his sentencing hearing, Wheatcroft denied having committed the offense for pecuniary gain, asserting that it was a "scientific project." The court sentenced him to concurrent, aggravated prison sentences of seven years. Although the court found the quantity of plants to be an aggravating factor, it did not find as an aggravating factor that Wheatcroft committed the offense for pecuniary gain. Wheatcroft argues that the state was therefore collaterally estopped from proving his crime was committed for financial gain. This argument has no merit.

■■ Collateral estoppel, or "issue preclusion," applies when: (1) the issue or fact to be litigated was actually litigated in the previous suit; (2) a final judgment was entered; (3) the party against whom collateral estoppel is to be invoked had a full and fair opportunity to litigate the matter; and (4) the issue or fact was essential to the prior judgment. *Chaney Bldg. Co. v. City of Tucson,* 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). First, the issue was not actually litigated.

---

6. In its complaint and amended complaint, the state also relied on A.R.S. section 13–3413. That statute provides for forfeiture of property "used or intended for use" in violation of the drug laws, which does not require any profit motive.

However, the state does not rely on this statute on appeal.

7. This statute is now found at A.R.S. section 13–2314(G)(Supp.1996).

No evidence was taken; rather, the court decided for purposes of sentencing based on the submissions of the two sides. Second, even if it were actually litigated, the state did not have a full and fair opportunity to litigate the matter because it could not appeal from the sentence the court imposed on Wheatcroft. The availability of appeal is important in determining whether there has been a full and fair opportunity to litigate. *United States v. Salemo,* 81 F.3d 1453, 1464 (9th Cir.1996). *See* RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982); *Glover v. Hunsicker,* 604 F.Supp. 665, 666 (E.D.Pa.1985); 50 C.J.S. *Judgment* § 781 at 341 (1997); 46 Am.Jur.2d *Judgments* § 590 at 866 (1994). The United States Supreme Court has explained the rationale for this rule:

> This is not to suggest that the availability of appellate review is always an essential predicate of estoppel. The estoppel doctrine, however, is premised upon an underlying confidence that the result achieved in the initial litigation was substantially correct. In the absence of appellate review, or of similar procedures, such confidence is often unwarranted.

*Standefer v. United States,* 447 U.S. 10, 23 n. 18, 100 S.Ct. 1999, 2007 n. 18, 64 L.Ed.2d 689 (1980) (citations omitted). No full and fair opportunity to litigate existed because the state could not appeal. For the foregoing reasons, we agree with the trial court that collateral estoppel does not apply.

### B. Evidence

■ Wheatcroft next argues the state presented no evidence that he produced the marijuana for financial gain. We disagree. The vast number of marijuana plants involved leads to a permissible inference that he intended to sell. *See, e.g., State v. Tarango,* 182 Ariz. 246, 249, 895 P.2d 1009, 1012 (App.1994), *approved,* 185 Ariz. 208, 914 P.2d 1300 (1996); *State v. Harrison,* 111 Ariz. 508, 510, 533 P.2d 1143, 1145 (1975); *State v. Olson,* 134 Ariz. 114, 118–19, 654 P.2d 48, 52–53 (App.1982); *United States v. Innie,* 7 F.3d 840, 844 (9th Cir.1993). Furthermore, the police found at Wheatcroft's residence a doc-ument, which the state fairly characterized as a "budget," which projects an income of "$10–30,000" for "agriculture." The Wheatcrofts were store owners, not farmers. Thus, the court could have reasonably deduced that "agriculture," in that context, referred to their marijuana production, and that Wheatcroft expected to receive a pecuniary gain from it.

We reject Wheatcroft's reliance on the fact that the plants were immature and were not yet of production grade. As noted above, the intent can be inferred from the sheer size of the endeavor. The fact that the enterprise had not yet reached actual production does not change that. From the evidence, the court could reasonably have concluded probable cause existed that Wheatcroft produced the marijuana for financial gain. Thus, the property was forfeitable under the anti-racketeering laws.[8]

## III. EXCESSIVE FINE

Finally, Wheatcroft argues that the forfeiture of his home—which was allegedly worth $70,000 and in which he claimed an equity of $40,000—constituted an excessive fine under the Eighth Amendment to the United States Constitution. He relies on *State v. Leyva,* in which this court followed recent United States Supreme Court decisions to hold that a $20,000,000 *in personam* forfeiture judgment violated the Double Jeopardy clause of the Fifth Amendment because the defendant had already been sentenced in related criminal proceedings. 184 Ariz. 439, 445, 446, 909 P.2d 506, 512, 513 (App.1995), (citing *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)); *but cf. United States v. Ursery,* 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

Wheatcroft does not argue that the forfeiture of the 1976 and 1978 Toyota station wagons constitutes an excessive fine. Because we hold that the court lacked jurisdic-

---

8. Under former A.R.S. section 13–4311(K)(1989), the state's burden of proof was "probable cause." Under the revised version of the statute, the state's burden is "preponderance of the evidence." A.R.S. § 13–4311 (Supp.1996).

tion to forfeit the residence, this issue is moot.

## CONCLUSION

The judgment, insofar as it purports to forfeit Wilson Wheatcroft's interest in the residence, is reversed as void for lack of jurisdiction. The judgment is otherwise affirmed.

VOSS, P.J., and SULT, J., concur.