NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

CHRISTIAN M. STRATTON and EMILY R. SOLOMON; SOLOMON-
STRATTON ENTERPRISES, L.L.C., a Nevada corporation,
*Plaintiffs/Appellees*,

*v.*

NOEL GENE WEAVER, *Defendant/Appellant*.

No. 1 CA-CV 13-0204
FILED 07-22-2014

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2009-036826
The Honorable Mark H. Brain, Judge

**AFFIRMED**

———————————————

COUNSEL

Ryan Rapp & Underwood PLC, Phoenix
By Christopher T. Rapp, Polly S. Rapp
*Counsel for Plaintiffs/Appellees*

Noel Gene Weaver, Phoenix
*Defendant/Appellant*

———————————————

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

_____

**G E M M I L L**, Judge:

¶1        Defendant/Appellant Noel Gene Weaver appeals the superior court's judgment for Plaintiffs/Appellees Christian M. Stratton, Emily R. Solomon, and Stratton-Solomon Enterprises, L.L.C. For the following reasons, we affirm.

**Factual and Procedural Background**

¶2        The facts, viewed in the light most favorable to sustaining the trial court's judgment, are as follows. *Harris v. City of Bisbee*, 219 Ariz. 36, 37, ¶ 3, 192 P.3d 162, 163 (App. 2008). Weaver, Stratton, and Solomon formed an oral partnership to purchase a house, repair and remodel it, and sell it for a profit. In November 2008, the partnership purchased a house with money borrowed from a lender who secured the loan by holding title of the property. The parties then invested money and labor to improve the property.

¶3        Solomon attempted to purchase the house from the partnership in February 2009, but the sale was not completed until November 2009. Solomon paid $73,500 for the property, and after deducting closing and financing costs, the partnership was entitled to $31,412.89 from the sale. A dispute arose between Stratton, Solomon, and Weaver regarding the amount of the parties' investments in the property and the division of the profits. Weaver received the proceeds from the sale and refused to disburse any funds to Stratton or Solomon.

¶4        Stratton and Solomon filed this action against Weaver and others for breach of contract, breach of fiduciary duty, conversion, and unjust enrichment.[1] Weaver counterclaimed for breach of contract and breach of fiduciary duty.

_____

[1] The complaint also named several limited liability companies associated with Weaver as defendants. After counsel for those defendants withdrew, the court struck the companies' answer, resulting in entry of default and then entry of a default judgment against those defendants. Weaver's wife, Emily Miles, was a named defendant but appeared pro se as relevant here; she did not sign the notice of appeal from the judgment, and is therefore not a party to this appeal. *See State v. One Single Family Residence at 1810 East Second Ave., Flagstaff, Ariz.*, 193 Ariz. 1, 2 n. 1, 969 P.2d 166, 167 n. 1

¶5            Given the amount in controversy, the case was referred to mandatory arbitration.  *See* Ariz. R. Civ. P. 72(b).  After a hearing, the arbitrator awarded Stratton and Solomon $19,330.88 on their claims and $14,000 for attorneys' fees, plus interest on both amounts.  Weaver appealed the arbitration award.  See Ariz. R. Civ. P. 77(a).

¶6            After a two-day bench trial, the superior court granted judgment for Stratton and Solomon in the amount of $20,081.45 and awarded them $28,564 in attorneys' fees plus costs.  The court later denied Weaver's request for additional findings and his post-trial motions challenging the awards.  Weaver timely appealed.

¶7            We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## Discussion

¶8            On appeal, Weaver argues the superior court erroneously denied his pretrial discovery motion and improperly excluded his evidence at trial.  He also contends the superior court's judgment was contrary to law and not supported by the evidence, and he challenges the award of attorneys' fees.

## I.    Discovery Issues

¶9            Weaver argues the superior court erred by denying his motion to compel discovery from Stratton and Solomon and by excluding his trial exhibits.[2]  We review disclosure and discovery rulings and the admission or rejection of evidence for an abuse of discretion.  *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14, 296 P.3d 100, 104 (App. 2013).

---

(App. 1997) (notice of appeal invalid as to spouse who did not sign it when the signing spouse is not a licensed attorney).  Accordingly, the claims against these other defendants are not part of this appeal.

[2]  Although Weaver also states that Stratton and Solomon failed to comply with the arbitrator's order directing them to respond to Weaver's discovery requests, he makes no argument concerning that alleged failure and we will not consider that issue.  ARCAP 13(a)(6); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167, 920 P.2d 41, 47 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are deemed waived.").

### A. Denial of Weaver's Motion to Compel

**¶10** After Weaver appealed the arbitration decision, he propounded additional discovery requests and noticed depositions for Stratton and Solomon. When Stratton and Solomon refused to respond to the additional requests or appear for their depositions, Weaver moved the court to compel their compliance. Stratton and Solomon opposed the motion on the grounds that the discovery requests and deposition notices were untimely.[3] The court denied Weaver's motion, "[f]or the reasons stated on the record."

**¶11** Arizona Rule of Civil Procedure 77(g)(3) requires the parties to complete discovery within 80 days after an appeal is taken from an arbitration award unless the court extends the time for good cause. No such extension was granted here, meaning Weaver's attempts at discovery were not timely. He sought to depose Stratton and Solomon after the 80-day deadline expired on March 9, 2012 and he delayed serving the discovery requests such that the responses were not due until after that deadline. *See* Ariz. R. Civ. P. 36(a). For these reasons, the superior court did not abuse its discretion by denying Weaver's motion to compel.

### B. Exclusion of Weaver's Trial Exhibits

**¶12** Weaver next asserts the superior court erred by excluding his trial exhibits, resulting in a denial of due process.

**¶13** Rule 77(g)(1) requires a party appealing an arbitration award to file with the notice of appeal a list of witnesses and exhibits that the party intends to use at trial. Weaver did not include a list of exhibits with his notice of appeal from the arbitration award and never requested leave to file a supplemental list. Further, he failed to have the court mark any exhibits before the first day of trial. Nevertheless, the court allowed him to offer exhibits at trial and determined one by one whether each proffered exhibit had been disclosed and was admissible. The court ultimately admitted four of Weaver's exhibits.

**¶14** Weaver argues the court denied him a fair trial by excluding his exhibits without notice. Weaver has not shown how the superior court's holding him to the disclosure requirement is a denial of due process. *See* Ariz. R. Civ. P. 26.1(a)(8), 75(b), (c), 77(g). In addition,

---

[3] Weaver asserts Stratton and Solomon did not respond to the motion to compel, but the record contains their response.

Weaver did not make an offer of proof regarding his proposed exhibits and they apparently were not retained for this appeal. We therefore decline to reverse on this basis. *See* Ariz. R. Evid. 103(a)(2) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and. . . . if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context."); *State v. Gulbrandson,* 184 Ariz. 46, 59, 906 P.2d 579, 592 (1995) (declining to consider an evidentiary issue on appeal because the defendant made no offer of proof in the trial court).

## II.  Sufficiency of the Evidence

**¶15**        Weaver argues the court's decision was not supported by the evidence. We view the facts in the light most favorable to sustaining the trial court's judgment and will affirm if the record contains evidence that might reasonably support the judgment. *Federoff v. Pioneer Title & Trust Co. of Ariz.***,** 166 Ariz. 383, 388, 803 P.2d 104, 109 (1990).

**¶16**        Stratton and Solomon alleged Weaver breached the partnership agreement and the fiduciary duties he owed to them by retaining possession of the funds derived from the sale of the property. Weaver counterclaimed for breach of contract and breach of fiduciary duty, alleging Stratton and Solomon failed to act in the best interests of the partnership while improving the property and did not timely perform their obligations to the partnership, resulting in a lower profit from the sale of the house.

**¶17**        The court found the partnership received $31,412.89 as proceeds for the sale of the property, Stratton and Solomon were entitled to reimbursement of $15,750.01 they properly spent to improve the property, and Weaver was entitled to $7,000 in remuneration for the labor he invested in the project. It ruled that the partnership agreement required the parties to divide the remaining proceeds ($8,662.88) equally and rejected Weaver's claim that he was entitled to an offset for any delay in selling the property.

**¶18**        Stratton and Solomon offered ample trial evidence to support the court's decision. They testified the partnership purchased the investment property with money borrowed from a lender who was to be

repaid, with interest, when the partnership sold the house.[4] They further testified the parties agreed they would be reimbursed for the money they spent to repair and remodel the house and would equally share the sale proceeds after deducting those costs.

**¶19** Stratton and Solomon offered evidence that they spent $15,750.01 to make necessary repairs and improvements to the property. They testified Weaver did not contemporaneously object to these expenses and only challenged them at the time of the property's sale. In addition, they disputed Weaver's claim that he invested $11,483.12 in the property through his labor and by hiring others to perform labor at the property.[5] To refute Weaver's claim that Solomon did not timely purchase the property, Stratton and Solomon testified Solomon intended to purchase the house from the partnership in February 2009, but the sale was delayed because Miles had conveyed the property to the partnership's lender. The lender required a 90-day waiting period before a subsequent sale and the sale was further delayed because Weaver was dissatisfied with the appraisal amount.

**¶20** This evidence reasonably supports the court's determination that Stratton and Solomon were entitled to reimbursement of the amounts they spent to improve the partnership's property, plus their respective portion of the partnership's profits.

## III. Attorneys' Fees

**¶21** Weaver challenges the superior court's award of attorneys' fees to Stratton and Solomon. He contends the court erred by (1) awarding Stratton and Solomon the fees they incurred in the arbitration

---

[4] Weaver maintained at trial that the partnership never had an ownership interest in the house. Stratton and Solomon contradicted that account, testifying that they provided the deposit money for the purchase and were obligated along with Weaver and Miles to repay the loan. They also testified that they had no advance knowledge that Miles allowed the lender to hold title to the property as security for the loan.

[5] The trial court noted that it awarded Weaver only $7,000 and not the additional amounts he claimed because it found his testimony was not credible.

proceeding, and (2) failing to provide findings of fact and conclusions of law in support of its award.

### A.     A.R.S. § 12-1510 Did Not Prohibit the Award

**¶22**          Weaver argues that because the partnership agreement did not provide for an award of attorneys' fees incurred in an arbitration proceeding, A.R.S. § 12-1510 [6] prohibited the court from awarding Stratton and Solomon those fees.

**¶23**          Section 12-1510 however, does not apply here because the case was not arbitrated pursuant to the parties' agreement, but under the rules for compulsory arbitration proceedings.   Arizona Rule of Civil Procedure 76(a) allows the arbitrator in a compulsory arbitration proceeding to award attorneys' fees when they are recoverable under the law.

### B.     The Fee Award Was Proper Under A.R.S. § 12-341.01(A)

**¶24**          Stratton and Solomon requested fees pursuant to A.R.S. § 12-341.01(A), which provides for a discretionary award of attorneys' fees to the successful party in an action arising out of contract.  We review the superior court's award of attorneys' fees for an abuse of discretion and affirm if the award has any reasonable basis. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570-71, 694 P.2d 1181, 1184-85 (1985).

**¶25**          We reject Weaver's argument that the superior court was required to make findings of fact or conclusions of law to support its fee award.  The statutes Weaver cites, A.R.S. § 12-341.01(C)(1999)[7] and -349 (2014), concern a discretionary award of fees as a sanction, which requires

---

[6]   Although Weaver's briefs cite A.R.S. § 12-1501 (2014), that section addresses the validity of a written arbitration agreement and, accordingly, we assume the briefs intended to reference A.R.S. § 12-1510, which concerns the fees and expenses of arbitration.

[7]  Weaver cites A.R.S. § 12-341.01(D) (1999), which states that the court and not a jury shall make an award of fees in a contested action arising out of contract.  It appears he was attempting to reference A.R.S. § 12-341.01(C) (1999), which allowed a court to enter an award of reasonable attorneys' fees as a sanction.  That subsection was in effect at the time the court entered the judgment in this case, but was removed effective January 1, 2013.  2012 Ariz. Legis. Serv. Ch. 305 (H.B. 2544).

the trial court to specify reasons for an award. A.R.S. § 12-350 (2014); *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 421, ¶¶ 27-28, 224 P.3d 230, 237 (App. 2010). In contrast, the court is not required to set forth such a basis for a fee award under A.R.S. § 12-341.01(A), and we will uphold an award as long as the record reflects a reasonable basis for it. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 267, ¶ 25, 99 P.3d 1030, 1037 (App. 2004).

**¶26** This dispute arises from a contract between the parties and the record reasonably supports the superior court's award of fees to Stratton and Solomon. Stratton and Solomon were the prevailing parties in the litigation and nothing in the record shows that the court abused its discretion by granting them reasonable attorneys' fees.

## Conclusion

**¶27** For the foregoing reasons, we affirm. Stratton and Solomon request an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 12-341.01(A). In our discretion, we grant the request and we will award an amount of reasonable attorneys' fees and taxable costs contingent upon their compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: gsh