NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

ONE HUNDRED SEVENTY-SEVEN DOLLARS ($177.00) IN U.S.
CURRENCY, et al., IN REM

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

CHRISTOPHER ALEXANDER NOTICE, *Claimant/Appellant.*

No. 1 CA-CV 15-0185
FILED 2-11-2016

Appeal from the Superior Court in Maricopa County
No.  CV2014-013833
The Honorable James R. Morrow, Judge Pro Tempore

**APPEAL DISMISSED**

COUNSEL

Christopher A. Notice, Marana
*Claimant/Appellant*

Arizona Attorney General's Office, Phoenix
By Eric Rothblum, Kenneth R. Hughes
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

¶1   Christopher A. Notice appeals the forfeiture of $6406 in U.S. currency. For the following reasons, we dismiss the appeal.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2   Law enforcement surveillance officers were following Notice, who had been identified as the partner of a known marijuana and cocaine supplier. On August 30, 2011, they stopped Notice, while he was driving the supplier's car. During the traffic stop, they found marijuana in the center console of the car. They arrested Notice, searched him incident to the arrest, and found $6406 on his person. After the arrest, the officers went to the apartment Notice had left just before the traffic stop, and found packaging material consistent with the transportation of marijuana.

¶3   The State filed an amended notice of forfeiture in November 2014, and personally served Notice on December 3, 2014. He did not respond even though the amended notice included instructions, which directed him to file a verified claim in the superior court. The State subsequently filed an application for an order of forfeiture of the unclaimed money, and the court granted a forfeiture judgment. Notice now appeals the judgment.

## DISCUSSION

¶4   Notice claims he is entitled to recover the money taken from his person. Specifically, he claims that he responded to the amended notice of forfeiture by mailing a letter to the Attorney General's office on December 15, 2014. We disagree.

---

[1] "We view the facts in the light most favorable to sustaining the verdict reached by the trial court." *In re 4030 W. Avocado*, 184 Ariz. 219, 219, 908 P.2d 33, 33 (App. 1995).

¶5            In Arizona, "[a]ny party aggrieved by a judgment" can file an appeal.  ARCAP 1(d).  However, because the State sought to forfeiture Notice's property, the $6406, the action was a judicial *in rem* proceeding. *See State v. 1810 E. Second Ave.*, 193 Ariz. 1, 3, 969 P.2d 166, 168 (App. 1997). In order to become a party to the proceeding and challenge the forfeiture, Notice was required to follow the statute; that is, file a claim with the superior court, and seek a hearing to prove the validity of his claim.  Ariz. Rev. Stat. ("A.R.S.") § 13-4311(D).[2]

¶6            Although Notice sent a letter with the Attorney General's Office, he did not comply with the statute, nor with the instructions in the amended notice.  His letter was not signed under penalty of perjury, was not filed with the superior court, nor was it mailed to the seizing agency. A.R.S. § 13-4311(D) - (F).  As a result, the letter was, as a matter of law, ineffective to make him a party to the *in rem* proceeding.  *See 1810 E. Second Ave.*, 193 Ariz. at 6, 969 P.2d at 171; *In re $70,269.91 in U.S. Currency*, 172 Ariz. 15, 19, 833 P.2d 32, 36 (App. 1991) ("To contest a forfeiture action, one must be a party to the action and have standing. . . .  In a civil forfeiture action, one acquires standing by alleging an interest in the property."). Consequently, because Notice did not properly challenge the forfeiture action before the superior court, he does not have standing to challenge the judgment by an appeal.

## CONCLUSION

¶7            For the foregoing reasons, we dismiss the appeal challenging the forfeiture judgment.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] We cite the current version of the statute unless otherwise noted.