NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

EIGHTY FIVE THOUSAND FIVE HUNDRED AND TWENTY FOUR
DOLLARS ($85,524.00) IN UNITED STATES CURRENCY ET AL., AS
DESCRIBED IN THE ATTACHED APPENDIX.

STATE OF ARIZONA, *Plaintiff/Appellee*,

*v.*

ABEL BANDA, *Claimant/Appellant.*

No. 1 CA-CV 16-0009
FILED 12-1-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-006887
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Abel Banda, Phoenix
*Claimant/Appellant*

Maricopa County Attorney's Office, Phoenix
By Peter S. Spaw
*Counsel for Plaintiff/Appellee*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

**T H U M M A**, Judge:

¶1 Claimant Abel Banda appeals from a final forfeiture judgment, entered after an evidentiary hearing, awarding $85,524 in United States currency to the State of Arizona.[1] Because Banda has shown no error, the judgment is affirmed.

### FACTS[2] AND PROCEDURAL BACKGROUND

¶2 In February 2014, law enforcement officers patrolling the Morgan City Wash area in Peoria, Arizona, saw Banda shooting a gun in an unsafe manner. After questioning Banda and issuing him a warning, an officer noticed a glass smoking pipe inside Banda's vehicle. Banda then consented to a search of the vehicle, which yielded 8.3 grams of marijuana and envelopes containing large denominations of currency totaling $85,524.

¶3 When the officers asked Banda about the source of such a large amount of cash, Banda said he was unemployed but the cash represented his life savings and a recent tax refund. When asked about the total amount of cash in the envelopes, Banda was unsure but said it was anywhere from $20,000 to $30,000. His wife said the cash totaled $60,000.

¶4 The officers also found money ledgers and Western Union receipts, which they later testified were indicative of illegal drug sales. The

---

[1] Laura Banda, Abel's wife, was an additional claimant before the superior court. Abel is self-represented on appeal; Laura did not sign the notice of appeal and Abel cannot represent Laura on appeal. *See State v. One Single Family Residence at 1810 E. Second Ave., Flagstaff, Ariz.*, 193 Ariz. 1, 2 (App. 1997). Accordingly, Laura is not a party to this appeal.

[2] This court considers the evidence in a light most favorable to supporting the forfeiture order. *See In re U.S. Currency in Amount of $26,980.00*, 199 Ariz. 291, 293 ¶ 2 (App. 2000).

officers also discovered two guns in the back seat of Banda's vehicle and three guns outside of the vehicle. The officers confiscated the pipe, drugs, cash, ledgers and guns. A police dog alerted for the presence and odor of narcotics on the cash.

¶5        In May 2014, the State filed a notice of seizure for forfeiture and notice of pending forfeiture. *See* Ariz. Rev. Stat. (A.R.S.) § 13-4307 (2016).[3] In June 2014, the State filed and served on Banda a complaint seeking civil in rem forfeiture of the cash and guns and related ammunition (collectively, the Property). *See* A.R.S. §§ 13-4301 to -4315; *see also* A.R.S. § 13-2314(G) (authorizing in rem forfeiture of proceeds traceable to specified criminal offenses).

¶6        Banda unsuccessfully moved to dismiss, arguing the State's notice of forfeiture was not timely under A.R.S. § 13-4308(B). After motion practice and disclosure, the court held an evidentiary hearing in September 2015. At that hearing, various law enforcement officers testified, Banda and his wife testified, the court heard arguments and then took the matter under advisement.

¶7        In November 2015, the court found the State proved by a preponderance of the evidence that the Property was subject to forfeiture, that Banda failed to establish that his interest in the Property was exempt from forfeiture under A.R.S. § 13-4304 and that all rights, title and interest in the Property was forfeited to the State. This court has jurisdiction over Banda's timely appeal from that final judgment pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. § 12-120.21(A)(1) and –2101(A)(1).

## DISCUSSION

¶8        Banda's opening brief fails to comply with the Arizona Rules of Civil Appellate Procedure (ARCAP). "Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question." *Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009). An opening brief must include appropriate references to the record as well as the authorities relied upon. ARCAP 13(a)(4), (5), (7). Failure to properly raise an argument on appeal, in most

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

cases, results in abandonment and waiver of that argument. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996).[4]

**¶9**           Banda also failed to provide this court a transcript of the evidentiary hearing, which constitutes another form of waiver. *See Cullison v. City of Peoria*, 120 Ariz. 165, 168 n.2 (1978) (noting, where appellant did not provide the relevant transcript, appellate court is "unable to give any consideration to appellant's attempt to recite the events which occurred during the course of the preliminary hearing") (citations omitted); *see also* ARCAP 11(b) (addressing procedure for transcripts on appeal). "[W]here an incomplete record is presented to an appellate court, the missing portions of that record are to be presumed to support the action of the trial court." *Cullison*, 120 Ariz. at 168 n.2; *accord Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

**¶10**         Banda argues (1) the "evidence presented" did not support the forfeiture finding in various ways, including that the State "had no proof" supporting forfeiture and that Banda had "receipts that prove [] that a portion of the money was for work materials" and (2) "[t]he [trial] was approached in an unfair manner," including the failure to advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Banda also argues "half-way through the [trial] the detective inquired about my race," causing a change in "the demeanor of the detective and judge" and that the court apparently "did not allow all of the evidence [he sought to present] to be presented."

**¶11**         All of these arguments implicate the record at the evidentiary hearing. Given Banda's failure to provide the transcript from that hearing, however, this court assumes that record supports the judgment. *See, e.g.*, *Cullison*, 120 Ariz. at 168 n.2; *Baker*, 183 Ariz. at 73. For these same reasons, Banda has not shown how the superior court erred in rejecting exhibits that he offered at the hearing.

---

[4] Although Banda's reply on appeal was untimely, ARCAP 15(a)(3), this court has considered the legal arguments in that filing. The unsworn handwritten statements attached to that reply, however, do not comply with Ariz. R. Civ. P. 80(i) and were not presented to the superior court and, accordingly, are not considered on appeal. *Brown Wholesale Elec. Co. v. Safeco Ins. Co. of Am.*, 135 Ariz. 154, 158 (App. 1982) ("Matters not presented to the trial court cannot for the first time be raised on appeal.") (citations omitted).

¶12        Finally, Banda argues that "[d]uring the [trial] it was made apparent that my *Miranda* Rights were not read to me." Banda, however, did not provide the transcript from the hearing and that failure means the transcript is assumed to support the judgment. *See Cullison*, 120 Ariz. at 168 n.2; *Baker*, 183 Ariz. at 73. Moreover, the record provided on appeal includes State's Exhibit 1, received in evidence without objection, reflecting notes from an interview of Banda, adding "Prior to asking him any questions, I read him [Banda] his rights. [Banda] said he understood his rights and agreed to answer my questions." And Banda's reply on appeal states he "was cooperating with the police because I had nothing to hide." On this record, Banda has shown no *Miranda* error.

## CONCLUSION

¶13        Because Banda has shown no error, the judgment is affirmed.

